LOUISE L. ENGLAND *v.* WILLIAM H. ENGLAND

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 18, 1951

*Jay E. Rubinow,* with whom, on the brief, was *Jacob Schwolsky,* for the appellant (defendant).

*Louis M. Schatz,* with whom were *Arthur H. Schatz* and, on the brief, *Nathan A. Schatz,* for the appellee (plaintiff).

BROWN, C. J. Under the first count of her complaint as amended the plaintiff claims a divorce on the ground of intolerable cruelty, and under the second she asks

that conveyances of property made without consideration by the defendant to his sister to defeat the plaintiff's claim for alimony be set aside. The court by interlocutory orders awarded alimony pendente lite to the plaintiff, ordered payment of counsel fees and expenses, and prescribed the periods for visitation of the children by the defendant and that only then was he to go upon the property comprising the family home, which, pursuant to his agreement, the children and the plaintiff were occupying during the pendency of the action. The defendant has appealed from these orders.

We summarize the material facts found by the court, which are not subject to correction. The parties were married July 3, 1925. Six of the eight children of the marriage are minors. Five of them, together with one adult daughter who is gainfully employed, live with the plaintiff in the defendant's house in Manchester, where the family has lived for about eighteen years. It is an eleven-room single dwelling with three bathrooms and is considerably out of repair. The household furnishings and equipment are much the worse for wear, and, though needed, there have been no replacements in the past five years. The plaintiff has suffered for the past sixteen years from varicose veins and needs treatment. She has had no domestic help and has done all of the cooking, laundry and other work in keeping house for the family, ordinarily working from 6 a.m. to 10 p.m. daily. She is unable to continue to care for her home and family properly without domestic help. She is in need of dental work and surgery, which she has foregone because it was too humiliating to ask the defendant for money. Two of the minor sons are also in need of surgical or medical treatment.

The plaintiff has no money or assets of any kind and is wholly dependent upon the defendant for her living

and support and for that of the children who are living with her. The defendant has given no allowance to either the plaintiff or the children, and the total amount given her annually for her clothes has averaged less than $80 during the last three years. Contributions from her two oldest daughters have taken care of what little recreation she has had and of her personal expenses and those of the younger children. When this action was brought on March 20, 1950, the defendant had real estate holdings in Manchester of a total reasonable value of $218,430, free from mortgage. He also owned certain real estate mortgages. Shortly thereafter, he recorded assignments of sixteen of these, in the total amount of $140,600, to his sister, who lives in Florida. At this time he further transferred to her and to others substantial blocks of securities. He is engaged in the lumber and building businesses.

At the hearing, the defendant, who had left the home, agreed that during the pendency of the action he would allow the plaintiff and the children to remain in the house rent free and that he would pay for electricity, telephone, gas and fuel. He has failed to support the plaintiff and the children in accordance with his ability. The sum of $500 per month is a reasonable allowance to the plaintiff for her support and for that of her minor dependent children during the pendency of the action, in addition to the provision for the use of the home with the necessary services. The court concluded that the plaintiff was entitled to alimony pendente lite on this basis and entered its order accordingly.

The court's authority to award alimony pendente lite is expressly provided for in § 7335 of the General Statutes. Payments pursuant to such an award constitute "a fund for the current support of the wife."

*Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A. 2d 173. Its purpose is to provide for her and her dependent children while she is living apart from her husband pending a determination of the issues in the case. It is within the sound discretion of the trial court whether such an allowance should be made and, if so, in what amount. Its decision will not be disturbed unless it clearly appears that it involves an abuse of discretion. See *Heard* v. *Heard,* 116 Conn. 632, 635, 166 A. 67; *Steinmann* v. *Steinmann,* 121 Conn. 498, 503, 186 A. 501. It is incumbent upon the court, in reaching its conclusion, to consider the relevant circumstances, including the amount of the estate of the husband, his income, age, health and earning capacity, and the age, health, station and separate estate of the wife. *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791; see *Olmstead* v. *Olmstead,* 85 Conn. 478, 480, 83 A. 628. That the court followed this course is apparent from its conclusion that the "plaintiff is entitled to support for herself and her minor children in accordance with their needs and the defendant's ability to support them. The defendant has failed to support the plaintiff and her minor children in accordance with their needs and his ability to support them." It is manifest that upon the facts found this conclusion cannot be disturbed and that there was no abuse of discretion in the court's award of alimony pendente lite.

The defendant's principal contention is that, regardless of his ability to pay, the court, instead of awarding support to the plaintiff and her minor children "in accordance with their needs," could only order such payment by the defendant as would provide that "standard of living to which the plaintiff has been accustomed." No authority is cited in support of this claim. If this were the law, in an action for divorce on the ground of intolerable cruelty consisting in part of a wilful total

refusal and failure by an affluent husband to make any provision at all for his destitute wife and children over an extended period prior to the ultimate bringing of the action, the court would be foreclosed from according her any relief by way of alimony pendente lite. To state such a proposition is to refute it. The standard of living properly to be provided by alimony is that which the husband can afford. A further contention of the defendant is that because of his offer to permit the plaintiff to purchase for her needs on store accounts charged to him, not only as she had done theretofore for food but also at other stores for other items, the court could not properly order payment by him of cash to the plaintiff to be expended by her. The providing of such charge accounts could not meet the plaintiff's need for cash to pay for various necessary items such as domestic help, allowances to the children and many incidental expenses. This aside, alimony pendente lite, as we have already pointed out, constitutes a fund for the wife's support. It can best be provided by cash payments, and no reason appears why this method was not proper in this case. The defendant further argues that so large an allowance offers an incentive for the disruption of family life. Since, for the reasons stated, his premise is false, his conclusion falls. The court did not err in the award made.

The order for the payment of counsel fees, from which the defendant has appealed, required that he pay $1000 to the plaintiff's counsel within two weeks, by way of a preliminary allowance, plus $600 for reasonable costs already incurred, and at or before trial an additional allowance of $1000. The defendant in his brief attacks the award of counsel fees on two grounds. The first is that there was no evidence that the plaintiff would be deprived of any legal rights if the court did not make an award of counsel fees pendente

lite. Relative to this award, these further facts are to be considered: The plaintiff employed counsel to represent her. On her behalf they sought and obtained the award in question. She is unable to pay for either their legal services or their expenses, and they took her case knowing that she had no money. Their services and the disbursements made by them were and will be necessary in connection with the prosecution of her case. She entered into no express agreement with counsel with respect to the services they were to render her. The court concluded that failure to make the allowance for the prosecution of the plaintiff's case would result in a deprivation of her rights. The defendant's only argument in attacking this conclusion is predicated on the assumption that plaintiff's counsel intended their services and outlay for expenses to be an absolute gift to her, without regard to or reliance upon any allowance which the court on her motion might order the defendant to pay, and that therefore no deprivation of her rights could be involved. The basis of an allowance for counsel fees, where the wife is herself without ability to pay, "is that she should not be deprived of her rights because she lacks funds which may be supplied from property in which as a wife she has a real interest but which is usually within the control of the husband." *Steinmann* v. *Steinmann,* 121 Conn. 498, 505, 186 A. 501. This has long been "a recognized part of our procedure." *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155, 132 A. 406. That this was well known to plaintiff's counsel there can be no doubt. The defendant's assumption is too naive to afford any basis whatever for his argument.

The second ground upon which the defendant attacks the allowance of counsel fees is that the award was made in the absence of competent evidence as to the services and their value. A short and sufficient

answer to this contention is that since it was not included in the claims of law made by the defendant at the trial we are not bound to consider it. Practice Book § 363; *Housing Authority* v. *Pezenik*, 137 Conn. 442, 448, 78 A. 2d 546. It is by no means necessary to rely exclusively on this principle, however, and we briefly discuss the claim. The further finding of the court discloses that plaintiff's counsel filed a written statement under oath showing the general nature of the services involved and what they had been to date, in detail, together with the items of expense incurred. Defendant's counsel neither objected to the court's considering this statement nor claimed to be entitled to more specific information. While the plaintiff offered no evidence of the reasonable value of the services of her attorneys, the defendant neither questioned the reasonableness of the claimed allowance to them nor objected to it on the ground of the lack of such evidence. The court found that the award as made "is a reasonable allowance to be made at this time" and in making it took into consideration the plaintiff's lack of funds, the nature and extent of the litigation, the amount involved, the responsibilities cast upon counsel, and the nature and extent of the services already performed and to be rendered, as well as the defendant's ability to pay and the court's experience with the value of services of this nature. Consideration of the foregoing facts and the background of the general factual situation disclosed by the record makes clear that the court was fully warranted in awarding the allowance which it did. While ordinarily it is the better course for the court to defer such an award until after the services have been rendered, under some circumstances an allowance for future services may be necessary to safeguard a wife's rights properly. The court was justified in treating this as such a case.

The court's order as to the plaintiff's custody of the minor children prescribed that the defendant should have the right to visit them in the home from 1 to 6 p. m. on Sunday, Tuesday and Thursday of each week and expressly provided that at other than those times "the defendant shall not be upon the property." The defendant claims that the court erred in imposing the restriction quoted since it divested him of the control and beneficial ownership of his property. The court expressly found that the best interests of the parties required that the time of the defendant's visits be definitely fixed by the court. When this fact is considered in connection with his agreement to turn over the home to the plaintiff and the children for their occupancy during the pendency of the action, in partial discharge of his duty to provide support, it is apparent that the court acted well within its discretion in imposing the condition complained of. Testimony in the record as to the disturbing effect upon his family of visits made by him prior to the visitation order confirms the wisdom of the court's ruling.

There is no error.

In this opinion the other judges concurred.