ROSE M. HOTCHKISS *v.* JOSEPH W. HOTCHKISS

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 2—decided May 29, 1956

*Edward S. Snyder,* with whom was *Robert J. Woodruff,* for the appellant (defendant).

*Charles G. Albom,* with whom was *Edward L. Reynolds, Jr.,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff and the defendant were married in 1914. They have been living apart since 1932. The plaintiff brought this action claiming

support from the defendant and filed a motion for an allowance to prosecute and for support pendente lite. The trial court, after a hearing, granted an allowance of $50 to prosecute and ordered support pendente lite in the amount of $27.50 each week. The defendant appealed to this court. Thereupon the plaintiff moved for an allowance to defend the appeal, and the trial court, after a second hearing, ordered the defendant to pay the plaintiff a fixed allowance. The defendant appealed from this order.

At both hearings, the defendant offered in evidence a contract purportedly entered into by the parties in June, 1954. This contract provided that the parties should live apart, that the plaintiff would release the defendant from all further liability for her support during her natural life, that a divorce action brought by the defendant against the plaintiff would be withdrawn and her attorney fees in the amount of $250 would be paid, that the defendant would name the plaintiff irrevocably as beneficiary in certain insurance policies and continue them in force, and that he would accord to her other insurance benefits. At both hearings the trial court refused to admit this contract in evidence. These rulings raise the decisive issue on the appeal.

The defendant claims that the plaintiff's action for support is one in equity, that by refusing to abide by the contract she comes into court without clean hands and that therefore her motions should be denied. See *Edson* v. *Edson,* 138 Conn. 701, 703, 88 A.2d 371. A motion for an order for support pendente lite or for counsel fees is purely an interlocutory proceeding. Whether the motion should be granted rests within the sound discretion of the court, and its decision will not be disturbed unless it clearly appears that this discretion has been

abused. *Krasnow* v. *Krasnow,* 140 Conn. 254, 262, 99 A.2d 104; *England* v. *England,* 138 Conn. 410, 414, 85 A.2d 483; Keezer, Marriage & Divorce (3d Ed.) p. 676. The question is essentially whether the moving party has a prima facie case and is suing in good faith. *Marino* v. *Marino,* 136 Conn. 617, 619, 73 A.2d 339. Under our law it is the primary obligation of the husband to support his wife. General Statutes § 7308; *Cantiello* v. *Cantiello,* 136 Conn. 685, 689, 74 A.2d 199; *Edson* v. *Edson,* supra. For this reason an order for support or counsel fees ordinarily is justified upon proof of the marriage and the husband's ability to furnish support or pay counsel fees. If the wife's good faith is challenged, the court should hear evidence on this feature but need go no further than to be reasonably satisfied that, prima facie, the wife's action is bona fide.

The question which was excluded was this: "Was there any agreement on her [the plaintiff's] part to relinquish you [the defendant] from any further support?" Counsel for the defendant already had had marked for identification a paper purporting to be the contract discussed heretofore. The question was objectionable because, referring as it did to the contract, the written document was the best evidence of what it contained. But that aside, in discussing the offer, counsel for the plaintiff stated that the contract could not bind her because the defendant had failed to comply with its terms. Under these circumstances, if the contract had been admitted, the court would have been placed in the position of having opened a wide field of inquiry going to the basis of the cause of action. The validity, legal effect and performance of the contract by the parties would be in issue. Such an inquiry was unnecessary and improper for a determination of the motions.

The legal effect of the contract as a defense to the plaintiff's claim was a matter for a trial on the merits. The existence of the contract did not necessarily negative the plaintiff's good faith in bringing the action. The trial court did not abuse its discretion in refusing to admit the contract in evidence.

The other rulings challenged by the defendant were proper and require no discussion.

There is no error.

In this opinion the other judges concurred.