Argued March 9, affirmed April 12, 1967

WINSTON, *Respondent, v.* WINSTON,
*Appellant.*

426 P. 2d 454

*Steve Anderson,* Salem, argued the cause for appel-

lant. On the brief were Harrison R. Winston and George F. Weigum, Roseburg.

*Reginald S. Williams* and *Donald W. Andrews,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and GOODWIN, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

This is an appeal from an order of the circuit court for Marion county denying defendant's application for modification of a decree of divorce.

Defendant father seeks to be relieved from the provision of a decree of divorce which requires him to contribute to the plaintiff mother for the support of a minor son of the parties. Plaintiff and defendant were divorced on September 13, 1954. Under the terms of the decree, defendant herein is required to pay plaintiff the sum of $75.00 per month for the support of their son, Renner Harrison Winston, until he reaches age 21. The minor child was born May 10, 1947, and was 18 years of age when defendant filed his motion for modification in September 1965.

On July 4, 1964, Hazel Frear, the maternal grandmother of Renner Harrison Winston, died testate in Lane county, Oregon. In her last will and testament she provided a testamentary trust for the benefit of Renner Harrison Winston. The provisions of said will so far as here material are as follows:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate * * * as follows: One-sixth (1/6) thereof unto my daughter, Dorothy May Hult, to be held in trust for the main-

tenance, education and welfare of my grandson, Renner Harrison Winston, with the residue to be distributed to him upon his attaining the age of twenty-five (25) years."

The will further provides:

"In the event any trust provided for herein should fail, then the property included shall be distributed to my daughter, Dorothy May Hult * * * ."

The will is being probated in Lane county, Oregon, and the whole estate has an inventory value of $108,598.50. The debts of the estate are negligible. It is estimated that the grandson's one-sixth share of the residue of said estate at the time of the hearing on defendant's motion had a value of approximately $15,000.

After the divorce plaintiff as well as defendant remarried and each is presently financially able to support and educate said minor child, irrespective of the trust set up by the maternal grandmother. When the original order of support was made, the child was seven years of age. The son became a college freshman in the September before the hearing on defendant's motion. Defendant father is not adverse to his son getting a graduate degree. He anticipates five years will be required for the boy's college education. According to the father, to support and maintain the son in keeping with the manner with which he is accustomed will, while he is in college, cost $2500 to $3000 per year.

The defendant father testified that had the child not been named a beneficiary under his maternal grandmother's will, defendant would have seen that he got a college education "and not just a grubby one, either, but the best available." Defendant bought his

son a car in November of his freshman year at college —a new 1966 Impala convertible, which cost $3700, and he has promised him another car upon graduation.

Defendant states that he is financially able to continue to pay $75.00 monthly for the support of his son. Indeed, he testified that he could contribute $500 per month toward the support of his son, if necessary, having total earnings exceeding $50,000 per year from six different businesses. Defendant concedes plaintiff has done a good job of distributing the money paid in by defendant for the boy's support. Defendant has no objections to the son's having a separate estate of his own at age 25.

The following general rule with reference to the support of a child from its own separate estate is announced in 39 Am Jur, Parent and Child 657, § 44 (1942):

> "As a general rule, the obligation of a parent who is able to support his child is not affected by the child's interest in a trust estate or other property. The father * * * of a child whom he * * * is otherwise legally obligated to support is, if of sufficient ability, no less bound to support and maintain it because it has separate property, but must perform his * * * obligation without resorting to the child's separate estate or to its income derived from property, trust, or annuity * * * *."

ORS 109.020 provides:

> "If any minor, whose father is living, has property the income of which is sufficient for his maintenance and education in a manner *more expensive than the father can reasonably afford,* regard being had to the situation of the father's family and to all circumstances of the case, the expenses of maintenance and education of such minor *may* be

wholly or partially defrayed out of the income of his own property, as is judged reasonable by the county court. The charges therefor may be allowed accordingly in the settlement of the accounts of his guardian." (Emphasis supplied.)

■■ In determining matters of support as well as of custody, the welfare of the child is the paramount consideration. Modification of a divorce decree respecting the support or maintenance of a minor child is addressed to the sound discretion of the court. *Udy v. Udy,* 195 Or 156, 244 P2d 615 (1952).

■ We find nothing in the record that would warrant disturbing the finding of the trial court.

Affirmed, with attorneys fees in the amount of $600 together with costs to plaintiff.