Memobaxdtjm.
Wé agree with the Appellate Division’s determination that the father should not have been credited for the withdrawals from the children’s trust fund. As the Appellate Division stated in their memorandum opinion: "The fact that the children had this fund effects no diminution of the father’s primary obligation to support his children (Drazin v. Drazin, 31 A D 2d 531; Seigel v. Hodges, 15 A D 2d 571).” However, since the father’s obligation to support was fixed at $25 per week, it was error for the Appellate Division to require full restoration "of the $3,383.50' withdrawn. The withdrawals were' to cover the two-year period from February, 1966 to February, 1968, during which period of time the father’s obligation to support amounted to $2,600 based on the then subsisting obligation to pay $25 per week.
Accordingly, the order of the Appellate Division should be modified by reversing so much thereof as required full restoration of the children’s trust fund and the matter remitted to the Family Court for' reduction of said restoration in accordance *647 with the memorandum herein, and as so modified, affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Ordered accordingly.