VIRGINIA H. FITZGERALD *v.* CLIFFORD L.
FITZGERALD, JR.

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, JS.

Argued May 6—decision released July 15, 1975

*Bernard S. Peck,* with whom was *Dennis G. Eveleigh,* and with whom, on the brief, was *George J. Markley,* for the appellant (defendant).

*Robert M. Wechsler,* for the appellee (plaintiff).

LOISELLE, J.   The plaintiff, who had brought an action for divorce against the defendant, filed motions for pendente lite orders.  The court ordered the defendant to pay temporary alimony and temporary child support, plus medical bills for the children and real estate taxes.  The defendant has appealed from those temporary orders.

The plaintiff and the defendant were married on June 26, 1954.  They have four minor children.  Each child possesses independent resources which are derived from a trust established by the children's grandfather and which are in guardianship accounts under the jurisdiction of the Probate Court.   On February 24, 1972, the plaintiff and the defendant entered into a written separation agreement.  The separation agreement provides, among other things, for the monthly payment of $2200 for the plaintiff's support.   It further provides that child support payments of $300 per month per child be made to the plaintiff by the independent guardian of the children's estate from their guardianship accounts. The defendant guarantees those monthly payments to the extent that they are not made by the guardian,

as well as payments for other expenses and benefits for the children and the plaintiff as set forth in the separation agreement.

The plaintiff, in a complaint dated June 14, 1972, sought, in the first count, the invalidation of the separation agreement, and in the second count, a divorce, custody of the four minor children, alimony and support. On July 11, 1972, the plaintiff filed a motion for temporary alimony, custody, support and counsel fees. On September 15, 1972, the court (*Testo, J.*) heard the parties with regard to the plaintiff's motion for temporary alimony and support. At that hearing the court was informed that $1200 per month was paid out of the children's guardianship accounts for their support. The court deferred action on the motion and made no orders at that time. On January 4, 1973, the plaintiff filed an additional motion for temporary support of the children. On February 2, 1973, the court (*Tierney, J.*) heard the parties with regard to the motions for temporary alimony and support as on file.[1] The court, at that time, had before it the financial affidavits of both parties, submitted pursuant to § 380, as amended, of the Practice Book. The court ordered the defendant to pay temporary alimony of $2200 per month, child support of $300 per month for each of the four minor children from his own resources, real estate taxes on the former marital residence occupied by the plaintiff and the minor

---

[1] The record indicates that the court heard no evidence but only arguments by counsel for the parties. The findings made by the court which are not supported by the record or by the affidavits filed by the parties, or which do not refer to the separation agreement, have been stricken; additions to the findings, where there are claimed errors in the court's failure to include paragraphs of the draft finding in its finding, are not made for the same reason. See *Gould* v. *Gould,* 164 Conn. 387, 389, 321 A.2d 443.

children, and medical and dental bills of the children of $3000 per year payable at the rate of $250 per month.

The defendant claims that the court exceeded its authority in ordering temporary alimony, real estate taxes and medical bills when the only motion before it was a motion for temporary child support. The motion dated July 11, 1972, for temporary alimony and child support was still on file and had not been acted upon when the subsequent motion of January 4, 1973, for temporary support was filed. The court in its finding stated that it "heard the parties with regard to the motions for temporary alimony and support, as on file." Neither party has attacked that finding. Therefore the court was not in error in making orders as to both motions and was not in violation of the proper rules of practice. See *Winick* v. *Winick,* 153 Conn. 294, 216 A.2d 185.

The defendant's principal contention in this appeal is that the court erred in refusing to determine the validity of the separation agreement prior to ordering the defendant, contrary to that agreement, to pay temporary support for his children from his own funds. The court recognized the existence of the separation agreement but ruled that its validity and effectiveness was a matter to be determined at the time of trial on the merits of the plaintiff's complaint, which, in the first count, concerned the validity of the contract and, in the second count, the divorce action. The court concluded that the validity and effectiveness of the contract need not be determined in awarding temporary alimony and support. The defendant claims that the action of the court denied him due process of law and exceeded the authority of the court.

The claim that the defendant was not afforded due process is not well taken. The parties, when the case is tried on its merits, will have an opportunity to be heard at a meaningful time and in a meaningful manner. See *Boddie* v. *Connecticut,* 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113; *Proctor* v. *Sachner,* 143 Conn. 9, 118 A.2d 621. It must not be forgotten that the orders of the court were the result of a purely interlocutory proceeding, and that such a proceeding in no way forecloses the rights of the parties to present and prosecute their claims fully at the time of the trial on the merits. See *Hotchkiss* v. *Hotchkiss,* 143 Conn. 443, 123 A.2d 174.

The court's authority to award alimony and support pendente lite at the time of the hearing was expressly provided for in §§ 46-21 and 46-23 of the General Statutes.[2] Payment pursuant to such an award is to provide for the wife and the dependent children while they are living apart from her husband pending a determination of the issues in the case. *England* v. *England,* 138 Conn. 410, 414, 85 A.2d 483; *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173. The award for temporary support for minor children is made taking into consideration such factors as the estate of the husband and his income, age, health and earning capacity.[3] *Stoner* v. *Stoner,* 163 Conn. 345, 353, 307 A.2d 146. The defendant does not claim that the court failed to take these factors into consideration in making its orders, but he claims that the court erred in refusing to determine the validity of the separation agreement prior to making those orders.

[2] Those statutes were repealed by Public Act No. 73-373, § 43. The authority of the court to award alimony and support pendente lite is now provided for in §§ 46-42 and 46-50 of the General Statutes.

[3] The factors to be considered in making such awards are now enumerated in General Statutes § 46-57.

The only issues before the court at the hearing on the motions were temporary alimony and support for the children. The primary duty of the parent to support his minor children, if he is able to do so, is not relieved by the fact that they may have income from a trust created in their favor. *Slaughter* v. *Slaughter,* 313 S.W.2d 193 (Mo. App.); *Quat* v. *Freed,* 25 N.Y.2d 645, 254 N.E.2d 765; *Winston* v. *Winston,* 246 Ore. 530, 426 P.2d 454; 59 Am. Jur. 2d, Parent and Child, § 77; annot., 121 A.L.R. 176, 178. The defendant argues that §§ 45-47, 45-49, 45-104 of the General Statutes recognize that payments made from children's estates by an independent guardian may be considered by the husband and wife in determining the husband's obligation for child support and claims that these statutes create an exception to the general rule that a child's estate may not be used for that child's support. Under the cited statutes, which are permissive, not obligatory, trusts such as those involved in this case may be a source of support for minor children. Whether those trusts may be relied upon by the defendant to fulfill his primary duty to support his minor children is for the court to decide upon the full hearing of the case, that is, when it is determined by the court whether the separation agreement is valid and, if so found, whether the separation agreement is fair and equitable under all the circumstances, including the best interests of the four minor children. General Statutes § 46-49; *Burke* v. *Burke,* 137 Conn. 74, 80, 75 A.2d 42; see *Krasnow* v. *Krasnow,* 140 Conn. 254, 260, 99 A.2d 104; *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 514, 18 A.2d 353; annot., 121 A.L.R. 176. In deciding the motions for temporary orders, the court could rely on the primary duty of the defendant to support his minor children pending

the disposition of the first count of the plaintiff's complaint upon a trial on the merits. "The validity, legal effect and performance of the contract by the parties would be in issue. Such an inquiry was unnecessary and improper for a determination of the motions." *Hotchkiss* v. *Hotchkiss*, 143 Conn. 443, 447, 123 A.2d 174.

The defendant's contention that under then General Statutes § 46-26,[4] the court was required to determine whether the separation agreement was fair and equitable before issuing its orders, need not be considered. As the validity of the separation agreement was being attacked and yet to be determined, the statute did not apply.

Contrary to the defendant's claim, the court's order in no way affected the guardian appointed by the Probate Court or interfered with his rights and obligations under the trusts created for the benefit of the children. The temporary orders affected only the defendant's obligations to pay pendente lite alimony and support.

The defendant further claims that the order of February 2, 1973, was excessive and constituted an abuse of the court's discretion. The motions for temporary alimony and support were purely interlocutory. The granting of both or either of those motions was a matter within the sound discretion of the court and its decision will not be disturbed unless it clearly appears that this discretion was abused. *Hotchkiss* v. *Hotchkiss*, supra, 446; *Krasnow* v. *Krasnow*, supra, 262; *England* v. *England*,

---

[4] Section 46-26 has been repealed by Public Act No. 73-373. See General Statutes § 46-49.

138 Conn. 410, 414, 85 A.2d 483. The court's finding with regard to finances is based upon the financial affidavits filed by the parties and is in part as follows: The defendant's gross income from all sources in 1973 was over $105,000, with a net income after taxes of $73,244. His assets are approximately $700,000 and his liabilities approximately $160,000. The plaintiff and children live in the former marital residence which is valued at $300,000. The defendant pays for all real estate taxes, assessments and major repairs on the home. The plaintiff, whose net worth is $4300, has no earnings or independent income. Upon all the facts presented to the court, it did not abuse its discretion in its orders for temporary alimony and support.

There is no error.

In this opinion the other judges concurred.