[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ALIMONY PENDENTE LITE
In the above entitled matter, the plaintiff has filed a motion for alimony pendente lite. The hearing on this matter has consumed the better part of two trial days.
The parties were married for the second time on July 23, 1983. They lived together until October, 1989 when the defendant moved out of the family home. That family home is located in Southport and is owned by the plaintiff, having become her property at the time of the parties' first marriage dissolution. The plaintiff is 42 years of age and the defendant is 62 years of age. The plaintiff has a high school degree and is in good health. CT Page 2823
The plaintiff is not employed in gainful employment. She rides horses and aspires to become a "top flight open jumper on the Grande Prix circuit." She has two horses which were bought for her by the defendant, one at a cost of $18,000.00 and the other at a cost of $20,000.00. The horses are boarded at the Ox Ridge Country Club.
The defendant is the "Chairman" of several "holding companies" listed in his financial affidavit. His financial affidavit was executed in Zurich, Switzerland on September 19, 1990 and "faxed" to his counsel's office. The defendant's interest in these corporations is disclosed as 4.6 per cent, 4.8 per cent, 1 per cent and 4 per cent and the total value is shown as "undetermined."
In addition to his stock ownership, the defendant shows a porcelain collection valued at $108,000.00, art objects valued at $100,000.00, antique furniture valued at $90,000.00, lithographs valued at $46,000.00, household furnishings with his joint interest valued at $50,000.00 and miscellaneous personal property in his possession valued at $50,000.00 for a total value of tangible personal property of $444,000.00. He shows bank accounts of $24,000.00.
The defendant did not appear at the pendente lite hearing. Ms Sandra Spillane, Vice President of the corporations, testified that the defendant was in California on business for the corporations and had just returned from Europe and that he would have to return to Europe immediately thereafter. It should be noted, however, that this matter had been specially scheduled for Friday, October 12 for a period of three weeks so that it appears to the court that had the defendant wished to do so he could have been present for these proceedings. The court concludes as plaintiff has argued: "The defendant is stonewalling."
The lifestyle of the parties has been lavish. The defendant paid the household bills and expenses and gave the plaintiff $2,000.00 per month as an allowance to January, 1990. At that time he reduced the plaintiff's allowance to $1,500.00 per month and continued to pay the bills and pay her an allowance until May 2, 1990, the date the defendant was served with the summons and complaint in this case.
Examples of the lavish lifestyle are as follows: the defendant in 1986 purchased a Mercedes automobile for $60,000.00 with a cashier's check as a birthday present for the plaintiff, purchased a $17,000.00 pearl necklace for the plaintiff from Cartier paid $5,000.00 for a helicopter ride while in Greece on vacation with the plaintiff, purchased two Nantucket gold CT Page 2824 necklaces as gifts for his children, a diamond necklace for plaintiff's mother, Steuben vases as Christmas gifts. The parties have travelled extensively: Australia and New Zealand which trip cost $10,000.00, Tanzania in 1988, Nantucket every October by private plane and to Toronto. Over the years, the defendant has been able to borrow large sums of money from the corporations in which he has an interest. On his financial affidavit, these debts are listed totalling $975,000.00.
This motion is filed pursuant to the provisions of46b-83 of the General Statutes. In considering this matter, the court shall consider all of the factors of 46b-82 of the General Statutes except the grounds for the complaint. It has been said that the primary purpose for alimony pendente lite is to provide for the wife while she is living apart from her husband pending a determination of the issues in the case. Fitzgerald v. Fitzgerald, 169 Conn. 147, 151 (1975); England v. England, 138 Conn. 410, 414 (1951). What a husband can afford to pay for alimony pendente lite is a material consideration in the determination as to what is a proper order. Casanova v. Casanova, 166 Conn. 304, 305 (1974). Finally, it has been said that in determining the amount of alimony, a trial court must weigh the "status" or standard of living of the parties in the light of the other statutory factors. Blake v. Blake, 207 Conn. 217,232 (1988).
While the defendant shows gross annual income of $45,760.00 "projected for 1990", he has evidenced an ability to borrow virtually unlimited sums from the corporations in which he has an interest. While the testimony of Ms Spillane was that this borrowing had been curtailed as of December, 1989 and January, 1990, the court finds that the defendant continued to have that ability until May 2, 1990.
Orders were entered on September 10, 1990 that the defendant pay $4,000.00 to the plaintiff "on account." The court further ordered that any future alimony order would be retroactive to that date, the plaintiff reserving the right to have the orders retroactive to the date of filing of the motion for temporary alimony which was August 28, 1990.
Having considered all of the factors of 46b-82 of the General Statutes, except for the issue of fault, the evidence at the hearing and the applicable case law, the court orders that the defendant shall pay to the plaintiff by way of alimony pendente lite the sum of $6,500.00 per month, payable the first of each month in advance. This order is retroactive to September 1, 1990, with credit for the $4,000.00 paid to the plaintiff pursuant to the court order of September 10, 1990. The balance due, therefore, of $9,000.00 shall be paid to the CT Page 2825 plaintiff within one week of the date hereof ($6,500.00 for the months of September and October [$13,000.00], less $4,000.00 paid). An additional $6,500.00 will be due on November 1, 1990.
EDGAR W. BASSICK, III, JUDGE