[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION TO REARGUE AND RECONSIDERATION (#108)
The defendant Frank Briglia moves for reconsideration of this court's granting of certain pendente lite motions filed by the plaintiff. The defendant claims that he never received the pendente lite motions and was never informed that these motions were to be heard by the court.
The plaintiff made "in hand" service of writ, summons and complaint on the defendant on June 25, 1993. The return date was July 13, 1993. The plaintiff's motions were filed on September 10, 1993 with service certified "in accordance with Practice Book Sections 121 and 122". The motions were granted on September 27, 1993. The plaintiff served written notice of the orders via sheriff by "in hand" service on September 29, 1993. The defendant appeared by Attorney on October 15, 1993 and the present motion was filed on the same day.
The defendant claims that the plaintiff violated Connecticut Practice Book 123. Practice Book 123 states that where a non-appearing party is served, "proof of service shall include the address at which such service was made." Connecticut Practice Book 123. However, 123 deals with "service pursuant to 121(a) and (b). Connecticut Practice Book 123 (emphasis added). Section 121 as it relates to nonappearing parties, such as the defendant was at the time the pendente lite motions were granted, requires CT Page 3324 service where there is a motion for default for failure to appear. Connecticut Practice Book 121(b). No such motion for default has been filed in this case. Therefore, the service requirements of 123, which attempt to carry out the purposes of 121, are inapplicable to the pendente lite motions filed in this case. Additionally, Connecticut Practice Book 121 is "not applicable to domestic relations matters. Stephensen, Connecticut Civil Procedure, Part II, 2d Ed. 253; 24 Am.Jur.2d, Divorce and Separation of 425." Peterman v. Peterman, 8 CLT No. 39, 15 (September 27, 2982, Murray, J.).
The defendant also claims that he was deprived of his constitutional right to due process of law in that he was not given notice and was not afforded an opportunity to be heard on these pendente lite motions. The plaintiff asserts that the notice contained in the summons informed the defendant that if he wished to be informed of further proceedings he was required to file an appearance with the clerk of the court.
Constitutional due process requires "that one subject to a significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard." Council on Probate Judicial Conduct re: Kinsella, 193 Conn. 180,207 (1984).
In Winick v. Winick, 153 Conn. 294, 295-96 (1965), the defendant was summoned to appear at a hearing to show cause why he should not be found in contempt for failure to pay child support as ordered by a previously granted judgment of divorce. Upon being informed that the plaintiff had taken the children outside the jurisdiction, the court issued an order suspending further child support until the return of the children to the state. Id. at 297. The plaintiff claimed that the only matter before the court was the contempt and that she had not been given notice of any application to modify the prior judgment which included the order of child support. Id. at 298. The Winick court concluded that it was error for the trial judge to modify the judgment without notice and that the failure to provide such notice "is a serious breach of a fundamental requirement of due process of law." Id. at 299.
Similarly, in Hasbrouck v. Hasbrouck, 195 Conn. 558, 559-60
(1985), the defendant never received notice of a trial which resulted in the dissolution of a marriage and the distribution of personal property. As in Winick, the court in Hasbrouck held that CT Page 3325 the failure to provide the defendant with fair notice and a reasonable opportunity to be heard constituted a breach of a fundamental requirement of due process. Id. at 561.
However, in Fitzgerald v. Fitzgerald, 169 Conn. 147 (1975), where the plaintiff filed pendente lite motions for court ordered temporary alimony and temporary child support, the court adopted a different view on the issue of due process. The defendant claimed that the failure of the court to rule on the validity of the separation agreement prior to awarding temporary alimony and support denied him due process. Id. at 150. In regard to this due process argument the court held as follows:
 The claim that the defendant was not afforded due process is not well taken. The parties, when the case is tried on its merits, will have an opportunity to be heard at a meaningful time and in a meaningful manner. See Boddie v. Connecticut, 401 U.S. 371, 92 S.Ct. 780, 28 L.Ed.2d 113; Proctor v. Sachner, 143 Conn. 9, 118 A.2d 621. It must not be forgotten that the orders of the court were the result of a purely interlocutory proceeding, and that such a proceeding no way forecloses the rights of the parties to present and prosecute their claims fully at the time of the trial on the merits. See Hotchkiss v. Hotchkiss, 143 Conn. 443, 123 A.2d 174.
Id. at 151.
In matters pertaining to divorce and child support, our Supreme Court recognizes that constitutional due process consisting of notice and an opportunity to be heard is required where a final judgment of divorce or a modification of a prior final judgment is at issue. Hasbrouck, 195 Conn. at 561; Winick,153 Conn. at 299. Nevertheless, where pendente lite motions were at issue, the Supreme Court refused to allow due process concerns to be implicated since the parties would have a meaningful opportunity to be heard at the time of a trial on the merits. Fitzgerald, 169 Conn. at 151. Similarly, the matters which the defendant seeks to, have reconsidered in the instant case are pendente lite in nature. Therefore, the defendant cannot successfully rely upon a breach of constitutional due process as a basis for reconsideration when he will have a full and fair opportunity to be heard at the time of a trial on the merits. See id. Thus, the arguments made by the defendant do not support CT Page 3326 reconsideration and reargument of the pendente lite motions.
However, it is within the inherent authority of every court to reconsider a prior ruling. Steele v. Stonington, 225 Conn. 217,219 n. 4 (1993). The granting of pendente lite motions is also within the sound discretion of the trial court. Fitzgerald,169 Conn. at 153. Therefore, notwithstanding the failure of the defendant's arguments in support of reconsideration, the court may reconsider its granting of the pendente lite motions if it deems that there has been unfairness to the defendant. By failing to file an appearance, the defendant created the problem of which he now complains.
The motion is denied.
HARRIGAN, J.