[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION FOR MODIFICATION (305)
The parties' marriage was dissolved by judgment entered November 9, 1976 at which time the court approved
 ". . . a very comprehensive oral stipulation concerning custody of the minor children, visitation rights, support, alimony and property rights."
After the sale of the marital home and after the younger minor child attained 18 years of age the periodic alimony to be paid by the defendant to the plaintiff was fixed at $36,000.00 per year in monthly installments of $3,000.00 (transcript of final hearing, p. 49).
The plaintiff's affidavit (199) dated November 9, 1976 reports no income. The defendant's affidavit dated the same day reports that he was not currently employed but had an offer for a position, if accepted by the defendant, would pay him a basic salary of $65,000.00 and a guaranteed bonus of $15,000.00 per year. He also was then receiving a trustee's fee of $4,000.00 annually.
The court also infers and concludes that, in approving the parties' agreement, that court was aware of Fitzgerald v.Fitzgerald, 169 Conn. 147, a decision addressing the defendant' s appeal of the pendente orders entered in this case. At page 154 is the following quote:
"The court's finding with regard to finances CT Page 12941 is based upon the financial affidavits filed by the parties and is in part as follows: The defendant's gross income from all sources in 1973 was over $105,000, with a net income after taxes of $73,244. . . . The plaintiff, whose net worth is $4,300, has no earnings or independent income. . . ."
Without offending Borkowski v. Borkowski, 228 Conn. 729, this court infers that the defendant's earning capacity allowed the court the basis on which to approve the parties' stipulation. The defendant's 1976 affidavit lists an expense budget of $7,540.00 monthly including the $2,800.00 monthly pendente order, confirming his ability to fund the stipulation terms.
The defendant has continued to pay the annual alimony. In 1976 the defendant was a stock broker and he continued in the securities industry, leaving First Boston to join Meadowcroft Associates of Westport, Connecticut in 1992 where he earned $193,750.00 salary and bonus (Plaintiff's Exhibit #1), $127,799.00 in 1993 (Plaintiff's Exhibit #2) and $285,000.00 in 1994 (Plaintiff's Exhibit #3).
The owner of Meadowcroft, Mr. John Laeri, Jr., has known the defendant for 35 years. Mr. Laeri left First Boston at the end of 1990 to start his own business. The defendant joined him as of October 1, 1991 at an annual salary of $150,000.00 and the opportunity to earn $100,000.00 in bonus.
The defendant elected to cease full time employment in 1995 and arranged a part time schedule not to exceed 40 hours weekly. The defendant is now paid based on billable hours, at a greater rate when working for clients and a lesser rate when working in house. There was no basis on which to conclude that less work was available to the defendant in 1995 than in prior years.
The defendant has remarried and supports his present wife who does not work. They have one child, now 22 years old.
The plaintiff, now 62, was able to develop a special events service for American Can which terminated in early 1987 upon a change in management. She sought other clients and founded Fitzgerald Associates International, Inc. in 1985, an operation that provides the plaintiff with a vehicle to shelter the alimony from tax since the corporation is now Subchapter S and loses money. CT Page 12942 The plaintiff has some interest and dividend income totaling about $15,000.00 yearly, (Defendant's Exhibit E).
The court finds a substantial change in the defendant's income. When his income at the time of the dissolution is compared to circumstances presently existing the increase is substantial,Fahy v. Fahy, 227 Conn. 505.
The plaintiff has made the best of her occupational skills, which are grounded in her social skills.
The plaintiff's motion is granted. The court has considered the evidence before it, and following the dictates of Hardisty v.Hardisty, 183 Conn. 253, pp. 258-260, this court orders periodic alimony modified to $4,500.00 monthly for the months January, 1992 to December, 1994 inclusive, and $4,000.00 monthly commencing January, 1995. Since this creates an instant arrears, the defendant is ordered to pay $500.00 monthly on the arrears. No interest shall accrue so long as the payments on the arrears remain current.
HARRIGAN, JUDGE