[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ORAL MOTION IN LIMINE
The issue raised by this motion is whether or not the court can order: (1) A pendente lite award or distribution of assets and/or (2) Sale of assets in order to pay pendente lite alimony.
 FACTS
This dissolution of marriage action was returnable to the Superior Court in November, 1997. The parties were married for thirty years and have no minor children. The plaintiff wife is unable to work for health reasons. The defendant husband's financial affidavit shows that he is employed his chosen field earning $100,000 a year. He has additional annual investment income approximately $10,000 a year. The plaintiff concedes, for the purpose of this motion, that the defendant is not underemployed, wilfully depleting nor in the past depleted his earning capacity. The plaintiff also agrees for the purpose of this motion that he has no other sources of income. The financial affidavits of both parties indicate that the family assets are in excess of $2,000,000. For the past few years, the parties have spent more than the defendant earned, requiring the liquidation of assets to pay for current needs. Immediately upon the filing of this dissolution action, the defendant ceased providing plaintiff with adequate financial support, which in the past had been paid for in large part by invading assets.
The plaintiff has filed a series of pendente lite motions seeking alimony, attorney's fees, orders relating to maintenance of health and life insurance, return of personal property, injunctive relief as to the defendant's assets, and return of records and documents. The defendant has objected to these motions on the basis that the court has no jurisdiction to enter CT Page 9015 orders distributing assests pendente lite. He has argued an oral Motion in Limine seeking a court ruling on these issues prior to proceeding with the pendente lite motions.
 DISCUSSION OF LAW
There are two general themes in most pendente lite motions in a dissolution case: (1) assets can only be distributed "at the time of entering a decree, " General Statutes § 46b-81 (a), and (2), the purpose of pendente lite orders is to maintain the status quo. England v. England, 138 Conn. 410, 414 (1951);Molitor v. Molitor, 184 Conn. 530, 534 (198 1); Levin v.Levin, Superior Court, judicial district of New London, docket number 523556 (February 25, 1994, Austin, J.), 1994 Ct. Sup. 2020, 2035;Fitzgerald v. Fitzgerald, 169 Conn. 147, 151 (1975); Wolk v.Wolk, 191 Conn. 328, 331 (1983). These two theories are in conflict in this case.
The plaintiff argues that the status quo is; the parties have continuously and regularly invaded assets to pay for current needs. She argues that under England v. England the "status quo" trumps the pendente lite asset invasion restrictions of § 46-81(a). The plaintiff argues that this is a court of equity. § 46b-81(a) is based upon common law concepts and, thus, the invasion of assets pendente lite is within the sound equitable discretion of the trial court. The plaintiff points out that one of the criterion for awarding periodic alimony under § 46b-83 the "estate" of of the parties. Blake v. Blake207 Conn. 217, 232 (1988). He notes that the pendente lite alimony statute lite states:, "In making an order for alimony pendente lite the court shall consider all factors enumerated in section §46b-82 . . ." § 46b-83.
Although family awards in dissolution cases are authorized by statute, many of the statutes are based upon common law concepts.Krasnow v. Krasnow, 140 Conn. 254, 261-62 (1953). Furthermore, the court can award periodic alimony based on inferred income, not being limited to the income set forth in the financial affidavit. The court can order alimony based upon earning capacity rather than actual earned income. Miller v. Miller,181 Conn. 610, 611-12 (1980); Schmidt v. Schmidt, 180 Conn. 184, 189
(1980). An award based on earning capacity is appropriate where there is evidence that the payor has voluntarily quit or avoided obtaining employment in his field.Hart v. Hart,19 Conn. App. 91, 95 (1989); Furthermore, the court can consider money paid on a regular basis by family members as income even though they CT Page 9016 are advanced distribution of principal or periodic gifts. Rubin v. Rubin, 204 Conn. 224, 226 (1987); Krause v. Krause,174 Conn. 361, 364 (1978); Anderson v. Anderson, 191 Conn. 46, 55 (1983). Additional sources that a court can consider in making pendente lite periodic award are: payment of expenses of the payor by another person residing with the payor: McGuinness v. McGuinness,185 Conn. 7, 11-12 (198 1) and income from the current spouse of the payor for child support for children of a prior relationship.Unkelbach v. State, 224 Conn. 792, 780 (1998). The plaintiff ends her argument by stating that the award of alimony is based primarily on the spouse's continuing duty to support. Hotkowskiv. Hotkowski,, 165 Conn. 167, 170 (1973); Martone v. Martone,28 Conn. App. 208, 216 (1992).
Defendant argues that periodic alimony is an allocation of income to provide support and has nothing to do with the distribution of assets. Guite v. Guite, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0130640 S (July 17, 1997, Harrigan, J), 1997 Ct. Sup. 7761. "Periodic temporary alimony is a reallocation of income to provide support. . . and has nothing to do with distribution of assets." Id., 7762. The purpose of an award of alimony and support pendente lite " is to provide for the wife and the dependent children while they are living apart from her husband pending a determination of the issues in the case." Fitzgerald v.Fitzgerald, supra, 169 Conn. 151. "The final orders of alimony and support granted at the time of the dissolution necessarily address the long term conditions under which the reorganization of the family is to take place and include distribution of assets such as the family home and other significant assets." Wolk v.Wolk, supra, 191 Conn. 331). "The purpose of alimony is to meet one's continuing duty to support, while the purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his." Rubin v. Rubin, supra,204 Conn. 228. The defendant finally notes that the statute itself does not permit pendente lite asset distribution. § 46b-81(a)("At the time of entering decree").
The plaintiff cites cases for the proposition that the equitable powers of a superior court permit the amount of pendente lite alimony to be within the sound discretion of the trial court, taking into account the circumstances of the case including requiring alimony paid from assets, Hotkowski v.Hotkowski, supra, 165 Conn. 167. The cases cited by the plaintiff either predate the current 1973 statutory scheme or involve CT Page 9017 permanent alimony.
The plaintiff points to earning capacity cases. See Johnstonv. Johnston, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0275308S (October 24, 1990, Bassick, J.).1990 Ct. Sup. 2822, 1990 WL 264074 (Conn.Super.). Johnston citesEngland v. England, supra, and Fitzgerald v. Fitzgerald, These cases do not support the plaintiff's position. Johnston
states: "what a husband can afford to pay for alimony pendente lite is a material consideration and the determination as to what is a proper order."
The defendant in Johnston had gross income of $45,760 projected for 1990. He had "evidenced an ability to borrow virtually unlimited sums" from his corporation to pay for the parties' high level of living, including supporting the wife's qualifying as a top flight open jumper on the Grande Prix circuit. The defendant's borrowing ability was considered income.Johnston was not a case where the court ordered the defendant to make pendente lite payments out of assets. Johnston is consistent with Rubin v. Rubin, supra, and Krause v. Krause, supra, in which parental cash gifts were considered income.
In rendering a final decree the trial court can consider the family standard of living and whether it exceeded their earning capacity. The court is permitted to look to the assets and the party's high standard of living. An award of $18,200 per year alimony and child support out taxable income of $34,000 to $37,000 per year may have required asset liquidation. An order in a final decree can invade assets to pay alimony, Stoner v.Stoner, 163 Conn. 345, 3533 (1972). A husband in a final decree can be ordered to pay periodic alimony more than his earnings under circumstances. Graham v. Graham, 25 Conn. App. 41, 45
(1991). These cases do not permit the exercise of such discretion in making pendente lite orders.
The plaintiff cites McCarthy v. McCarthy, 329 S.W.2d 236, 240 (1959), a Missoui Court of Appeals case, holding that a party who allows his family to become accustomed to a very high standard of living cannot complain about an alimony pendente lite order that requires him to dip into principal. No copy of the Missouri pendente lite alimony statute was furnished to this court. In any event McCarthy is not authority for a Connecticut court to violate the statutory limitations imposed by permitting asset distribution only "at the time of entering a decree." CT Page 9018
Based on these arguments this court is of the opinion that the "continuing duty to support" and "status quo" arguments advanced by the plaintiff do not trump General Statutes §46b-81 (a) which prohibits pendente lite distributions of assets.Martone and Hotkowski do not authorize the payment and distribution of assets pendente lite, nor do they permit court ordered sale of assets in order to pay periodic pendente alimony.
The court also considered three other arguments, none of which were originally advanced by the parties. The parties submitted supplemental memorandum at the request of the court. The first argument whether or not General Statutes § 46b-37, the equitable support statute, will permits assets to be invaded for the purposes of making pendente lite payments. The equitable support statute, § 46b-37), does not contain the same limiting language as found in the pendente lite alimony and statute. In an equitable support action, the Superior Court can order the payor to pay alimony and support out of assets. This is based on the public policy that it is the obligation of the provider to support the family. The public authority may bring an equitable action against a husband to enforce the husband's duty of support. Hein v. Hein, 127 Conn. 503, 506 (1941). (Note: the statute is now gender neutral).
There are three methods of obtaining a court order of support in Connecticut. Edson v. Edson, 138 Conn. 701, 703 (1952). The first is a suit for past support. Churchward v. Churchward,132 Conn. 72, 79 (1945). The second is a suit for future support.Burke v. Burke, 137 Conn. 74, 80 (1950). The third is support in a statutory action for dissolution, legal separation or annulment. As to the first two remedies, "The law imposes a primary duty upon the husband to support his wife and family. To compel the performance of this duty, the wife may invoke the remedy provided by General Statutes § 7308, and recover from the husband for any property of her own that shall been taken, or for any money that she shall have been compelled to pay for the support of herself." Id., 703. She may also bring an action in equity and seek an order for future support. That order can be paid from assets. Artman v. Artman, 111 Conn. 124, 129 (1930); Smith v.Smith, 114 Conn. 575, 579 (1932); DeRosa v. DeRosa,129 Conn. 409, 411 (1942); LaBow v. LaBow, 171 Conn. 433, 438 (1976). "The requirement to furnish support is not restricted to the income of the party proceeded against, but that the fact that such contribution might impair his capital was not of itself a CT Page 9019 sufficient reason why it should not be provided" Smith v. Smith, supra, 114 Conn. 581; Bradley v. Fenn, 103 Conn. 1,6 (1925). Pendente lite support can be ordered in an equitable support action. Hiss v. Hiss, 135 Conn. 333,336 (1949). The plaintiff has not filed an action for equitable support and has not invoked the court's powers under § 46b-37. Therefore, under the pleadings of this case, this court cannot order the relief requested, i.e., periodic alimony to be paid from assets prior to final decree. § 46-81(a). See Febbroriello v. Febbroriello,21 Conn. App. 200, 207-08 (1990) authorizing such result in a final decree. based on the claim for relief requesting "further relief as law and equity provide."
The second argument considered by this court is equitable estoppel. The facts show that the defendant has invaded assets on a regular basis. This is and has been for some time the usual method of family support. The status quo is invasion of assets to pay current needs. England v. England, supra, 138 Conn. 410. The plaintiff argues that the status quo must be maintained, and, therefore, the defendant is equitably estopped from defending against an order requiring a continuing asset invasion. "There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 563 (1972); Fawcett v. NewHaven Organ Co., 47 Conn. 224, 227 (1879). Estoppel has been used in a number of family cases. It has been used to prevent a party from contesting the validity of a Mexican divorce. Bruneau v.Bruneau, 3 Conn. App. 453, 459 (1985). It has also been used to prevent a party, after stipulating to paternity, from subsequently trying to renounce paternity on the basis of later evidence. Morrow v. Morrow, 165 Conn. 665, 669 (1974).
The requirements of equitable estoppel do not appear in this case. The plaintiff has commenced this lawsuit seeking a dissolution. She has filed pendente lite motions seeking alimony under General Statutes § 46b-83. By filing for the dissolution after October 1, 1997 she has invoked the automatic orders. P.B.Sec. 25-5. She voluntarily left the marital home, thus, increasing her expenses. She has failed to prove any detrimental reliance by her on any action by defendant. There is no evidence that the plaintiff, changed her position based upon anything the CT Page 9020 defendant did. Equitable estoppel does not apply. Doe v. Doe,244 Conn. 403), 445 (1998).
The third argument is that the general equitable powers of a Superior Court permit the plaintiff's relief. A court has broad equitable remedial powers in the area of marital dissolution.Pasguariello v. Pasquariello, 168 Conn. 579, 585 (1975). Despite these equitable powers, "our marital dissolution law is essentially a creature of, and governed by, statute." Doe v. Doe
supra, 244 Conn. 423. Broaca v. Broca, 181 Conn. 463, 465 (1980). Although the court's equitable remedial powers are broad, equity alone cannot grant to the court jurisdiction when a statute prevents such jurisdiction. Id., 423. A court's equitable powers cannot define and construe statutes beyond their terms. Id., 443, 451. It is for the legislature to remedy the plaintiff's situation, not the court.
 CONCLUSION
This court hereby renders the following opinion in the nature of an Order In Limine:
1. Pendente lite alimony should be determined based upon the status quo and the maintenance of the status quo of the parties.England v. England, supra, 138 Conn. 414.
2. General Statutes § 46b-83 does not permit the court to award or distribute assets pendente nor order assets to be sold to pay pendente lite alimony.
3. The court, only "at the time of entering a decree" may make property distributions and awards. General Statutes § 46b-81(a).
4. The plaintiff has not pled an action in equitable support seeking past support or current support under the authority of General Statutes § 46b-37. This court thus has no authority to consider § 46b-37 when the plaintiff has only sought relief under the pendente lite alimony statute § 46b-83.
5. The requirements of equitable estoppel do not apply under the facts of this case. Novella v. Hartford Accident Indemnity Co., supra, 163 Conn. 563.
6. The inherent equitable powers of the Superior Court do not permit it to CT Page 9021 fashion an order in violation of a statute. Doe v. Doe, supra, 244 Conn. 443.
7. There are limited common law rights in dissolution actions. Those common law rights as well as the equitable powers of the Superior Court do not permit the court to redefine statutes. Doe v. Doe, supra, 244 Conn. 443.
 For all these reasons the oral Motion In Limine is granted, and this court and this court prevents the plaintiff from seeking either an award or distribution of assets pendente lite or an order that asset be sold to pay pendente lite alimony.
The plaintiff is limited in the prosecution of her case to seek pendente lite alimony from; (1) the defendant's income, (2) cash that accrues to the defendant by gifts from family other or other sources, (3) expenses paid by other individuals on behalf of the defendant either directly or indirectly, (4) the earning capacity of the defendant, if the defendant is not working up to his full earning capacity in his chosen field, (5) reasonable cash return on investments and (6) any other similar source.
This case is remanded to the trial court on these issues.
KEVIN TIERNEY, JUDGE