[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant wife brought these motions for pendente lite orders for child support and alimony, and for attorney's or expert fees and the sale of the marital home. The parties testified, submitted sworn financial affidavits and proposed orders, and presented documentary evidence concerning those issues over several days of hearings. The parties have two minor children. The central issue for the court is to fashion financial orders where the parties have extremely divergent views of the plaintiff husband's earnings and earning capacity.
Pendente lite awards for child support and alimony are "to provide for the wife and dependent children while they are living apart from the husband pending a determination of the issues in the case. The award for temporary support for minor children is made taking into consideration such factors as the estate of the husband and his income, age, health, and earning capacity."Fitzgerald v. Fitzgerald, 169 Conn. 147, 151 (1975); also see,Wolk v. Wolk, 191 Conn. 328, 331 (1983). Orders for alimony and child support must be crafted conjunctively to provide for fair and reasonable financial maintenance of the family unit. Fahyv. Fahy, 227 Conn. 505, 515 (1993). In determining what is fair for the child support portion of the order, the decision must account for all of the income that would have been available to support the children had the family remained together. Jenkins v.Jenkins, 243 Conn. 584, 594 (1998). It is not possible for the court to overlook either party's earning capacity in formulating pendente lite support orders for the minor children or the defendant. Earning capacity may be the basis for such orders where there is specific evidence of previous earnings, Venuti v.Venuti, 185 Conn. 156, 161 (1981), and in fact it may be especially appropriate where one party owns his or her own business and has some degree of control over the income it generates. See, Vandal v. Vandal, 31 Conn. App. 561, 566-67
(1993).
The plaintiff owns and operates an independent insurance brokerage agency, Newton Insurance Consultants. As a broker, he writes insurance policies for a number of companies and receives a commission fee for his work. He has been in the insurance business for many years. Although the plaintiff denies earning a substantial salary, the defendant testified that her husband had told her numerous times that he earned $150,000 to $175,000 per year. She also testified that the plaintiff had told her, for the purposes of a mortgage application for property the parties were CT Page 13892 considering purchasing in Arizona, that he earned $15,000 per month. The plaintiff denies having made those statements to his wife and denies having told the loan officer his income in connection with the mortgage application. However, the $15,000 monthly amount appears on the application, which was signed by the plaintiff. He testified that his business historically earnedgross income of approximately $150,000 per year. The plaintiff's financial affidavit asserts that he earns $510.11 gross and $432.06 net per week. In addition, he receives the use of an automobile through the agency, which he valued at $13,000 per year ($250 per week gross).
The plaintiff claims that his 1998 earnings are significantly lower than they were in 1997. In 1997, the plaintiff received disbursements from his company of $124,475. In 1997, $97,043.86 was deposited in the parties' joint bank account. All deposits came from the plaintiff's business account, but he routinely took cash at the time of making the deposit. For that year, however, the parties filed a joint tax return showing the income from the defendant's business as $53,857.70. This figure is in addition to the $12,982.15 reported on the return's Schedule C for automobile expenses. In 1998, the company has disbursed to the plaintiff the sum of $49,650.00. There were deposits from the business account to the parties' joint account of $48,125.27. He asserts that his company's gross receipts in 1998 from commissions prior to September 24, 1998 have been $56,346.03 and that after deduction of business expenses the agency's net income has been $19,026.43. The plaintiff offered evidence that the defendant interfered with his business activities, thereby causing a decline in business income for 1998. There is no evidence that such interference, if it ever occurred, is continuing or would affect business activities in the future.
The court finds that the plaintiff is lacking in credibility with respect to his claimed 1998 earnings, business activities, and business effort. The court finds that the plaintiff has larger sums of money available to him than those he has reported to be due to his business activities alone. However, because the plaintiff appears to have incurred debt totaling $187,180.76 in his business in both 1997 and 1998, the court cannot find that his income from insurance sales alone equaled the amount of the deposits he made in his personal accounts for either 1997 or 1998. Moreover, the court does not find, for the purposes of these pendente lite motions, that the loans he received in 1997 and 1998 are part of a pattern of receipt of gifts or loans that CT Page 13893 would make them available for consideration as part of the plaintiff's income.
The court finds that the most reliable source of information concerning the plaintiff's earning capacity for 1998 is the 1997 tax return signed by both parties, which represents his earnings for 1997. The court finds that the plaintiff's present earning capacity is $66,839.85 per year, inclusive of the car allowance, or $1,285.38 per week inclusive of the car allowance of $249.65. The court finds that the plaintiff's financial manipulations mandate that the defendant have the opportunity to investigate the plaintiff's business accounts.
The defendant holds a bachelor's degree in liberal arts from Eastern Connecticut State University and a master's in English literature. She has worked as a substitute teacher in the past, but has not held a full time job at any time in recent years. She is not presently looking for a job because she hopes to relocate. The defendant has an earning capacity, but there is insufficient evidence to determine how much she can be expected to earn. There is, however, nothing presently preventing her from seeking work.
The only significant asset owned by the parties is a house valued by the defendant at $395,000, which is subject to a first mortgage of $133,000 and a second mortgage of $90,000. The defendant has moved, pendente lite, for an order compelling the sale of the house. The Court does not have jurisdiction to enter such an order, and that motion is denied.
In making its orders, the court has taken into account the criteria set forth in the Child Support Guidelines, Sections 46b-82-84 of the Connecticut General Statutes, and relevant case law.
Based upon the law and the findings made herein, the court orders as follows:
 1. The plaintiff shall pay the defendant the sum of $330.00 per week as child support, pendente lite, which amount is consistent with the child support guidelines;
 2. The plaintiff shall pay the defendant the sum of $150.00 per week as alimony pendente lite;
 3. Child support pendente lite and alimony pendente lite CT Page 13894 shall be retroactive to July 28, 1998, the date of the filing of the relevant motions. The arrearage shall be subject to credits for amounts paid for support or alimony prior to the date of this order, but the exact amount of the arrearage and the determination of how it will be paid shall be stayed until a final determination at trial or settlement of the case;
 4. The defendant's motion for expert fees for accounting and counsel fees is granted, and the plaintiff is ordered to pay the defendant the sum of $3,000.00 for such purposes;
 5. The plaintiff is ordered to maintain health insurance for the defendant and the minor children.
BY THE COURT, GRUENDEL, J.