PATRICIA M. LUCY *v.* LAWRENCE V. LUCY

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 14—decision released February 24, 1981

*Joseph B. Lukas,* with whom, on the brief, was *Giancarlo Rossi,* for the appellant (defendant).

*P. J. Pittman,* for the appellee (plaintiff).

PER CURIAM. This appeal is taken from an order in a dissolution matter directing the defendant husband to pay $35 per week support pendente lite for each of the two minor children of the parties. The defendant's sole claim on appeal is that the court abused its discretion in rendering the order because his financial affidavit revealed that he had no income and no assets.

This action was instituted by the plaintiff wife in January, 1980, who sought dissolution of the marriage, alimony, custody and support of the minor children. The parties had separated in June, 1979, when the defendant left the family home. The parties were married in 1958 and, at the time of the action, there were two issue of the marriage: a daughter, age 15, and a son, age 11. On February 6, 1980, the plaintiff's motion for custody, alimony and support pendente lite was heard by the court, *Kinney, J.* Both parties and their counsel were

present. At that time, the parties agreed, and the court ordered, that custody of the minor children pendente lite be awarded to the plaintiff with rights of reasonable visitation in the defendant. The plaintiff and the defendant had filed financial affidavits and evidence was taken.[1] The plaintiff's affidavit disclosed gross weekly wages of $158 and net weekly wages of $138 after deductions for taxes and medical insurance. It further revealed that her total weekly expenses were $152.50.[2] Her liabilities totaled $2625[3] and she had a $6 total cash value of assets. The defendant's affidavit showed no weekly income and virtually no assets.[4] It revealed total weekly expenses of $160[5] and no liabilities. Neither affidavit disclosed the ownership of any interest in real estate.

At the hearing, it developed that the defendant was an experienced glazier and had worked at that trade for the past seventeen or eighteen years. The plaintiff testified that at the time of their separation in June, 1979, he was bringing home approximately $300 per week net for a five day work week. Although the defendant did not take the stand and

[1] At the time of the hearing there was evidence that the plaintiff, although employed, had not worked for two weeks because she had pneumonia.

[2] These included: rent (or mortgage), $22; food, $45; utilities, $25; and clothing, $12.50. At the hearing, plaintiff's counsel indicated to the court that the plaintiff actually would need "two hundred and fifty, two hundred and seventy dollars a week" to cover expenses and maintain herself and the children.

[3] These included: back rent, $1100; gas company, $300; personal loan, $1000; and a physician's bill, $145. The plaintiff testified at the hearing that the defendant had paid some $350 since their separation in June, 1979.

[4] The defendant's financial affidavit did show a motor vehicle valued at $100 as his only asset.

[5] These included: rent or mortgage, $65; food, $40; utilities, $25; and clothing, $10.

testify,[6] he responded to questions from the court. This questioning disclosed that he had become unemployed about two weeks prior to the hearing and had tried to obtain employment at other glass establishments. He also said that he had worked as a foreman for another glass establishment where his hourly rate was $8. He declined to remain there when that business was sold because he was offered only $5 per hour; he felt he could earn more. The court observed that the defendant's two weeks of unemployment did not yet establish a neglect to stay employed on his part. The court declined to order alimony pendente lite at that time. It did, however, order a support order pendente lite of $35 per week for each of the two children and, in doing so, said it was doing it "on the strength of the fact that he's temporarily unemployed."[7]

We have had occasion recently to explicate two principles evident in our review of any domestic relations case. "The first of these is that trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant; the trial court, therefore, has broad discretion [in such matters]. . . . The second principle is that the action of the trial court will not be disturbed unless it abused its legal discretion, and in determining this the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its cor-

---

[6] The defendant's attorney told the court: I don't have any testimony, your Honor, the financial affidavit speaks for itself."

[7] The court told the plaintiff: "You're free to come back within a short period of time upon Mr. Lucy obtaining employment and seek a modification of the order."

rectness; the ultimate issue is whether the court could reasonably conclude as it did, and in this connection, it is the sole province of the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979); see *Miller* v. *Miller,* 181 Conn. 610, 611, 436 A.2d 279 (1980); *Fucci* v. *Fucci,* 179 Conn. 174, 181, 425 A.2d 592 (1979). The defendant claims that the court abused its discretion in rendering the pendente lite child support orders because, he claims, it could not have reasonably concluded as it did. We do not agree.

General Statutes § 46b-83 provides in part: "At any time after the return day of a complaint . . . and after hearing, alimony and support pendente lite may be awarded to either of the parties from the date of the filing of an application therefor with the superior court. . . . In making an order for support pendente lite the court shall consider all factors enumerated in section 46b-84. . . ." General Statutes § 46b-84 enumerates a number of factors which the court must consider in determining the respective abilities of the parents to provide maintenance for a child and the amount thereof. These are "the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents . . . ." General Statutes § 46b-84 (b). "What a husband can afford to pay . . . is a material consideration in the court's determination as to what is a proper order." *Casanova* v. *Casanova,* 166 Conn. 304, 305, 348 A.2d 668 (1974); see also *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 151, 362 A.2d 889 (1975); *England* v. *England,* 138 Conn. 410, 415, 85 A.2d 483 (1951). Trial courts are

required to consider the statutory criteria in passing prayers for such an award, as here, in domestic relations matters. See *Schmidt* v. *Schmidt,* 180 Conn. 184, 189, 429 A.2d 470 (1980); *Fucci* v. *Fucci,* supra, 77–83. From an examination of the record, it is clear that the trial court considered the statutory criteria set out in § 46b-84, and did not abuse its discretion in ordering the pendente lite child support orders.

It is well established that the trial court may under appropriate circumstances in a marital dissolution proceeding base financial awards on the earning capacity of the parties rather than on actual earned income. See *Miller* v. *Miller,* supra, and cases there cited. The circumstances of this action presented the trial court with such an appropriate case. There was no evidence that the defendant had any health problems. The vocational skills of the defendant as an experienced glazier who had worked, albeit with some layoffs, seventeen or eighteen years at this trade, were evident. Although he was "temporarily unemployed," he had a demonstrated earning capacity in that trade. Earning capacity, in this context, is not an amount which a person can theoretically earn, nor is it confined to actual income, but rather it is an amount which a person can realistically be expected to earn considering such things as his vocational skills, employability, age and health. See, e.g., *Commonwealth ex rel. Malizia* v. *Malizia,* 229 Pa. Super. 108, 324 A.2d 386 (1974). We conclude that the trial court did not abuse its discretion and could reasonably conclude as it did.

There is no error.