As a result of a complaint initiated by the plaintiff in New Jersey seeking support from the defendant for their children, an action was instituted by the Bureau of Support in the Superior Court in the judicial district of Stamford-Norwalk at Stamford. On March 26, 1981, the defendant was summoned to appear before the court on April 3, 1981, to show cause why an order for support should not be issued in favor of the plaintiff. After a hearing at which the defendant was not represented by counsel, the trial court ordered him to pay $100 per week through the Bureau of Support for the support of two children, commencing that day, April 3, 1981. On April 9, 1981, the defendant's newly retained counsel moved for a rehearing and modification of the support order, claiming inability to comply with the order. On May 1, 1981, a hearing was held and the motion to modify *Page 501 
was denied. The defendant has appealed from the denial of the motion to modify, claiming that the trial court's decision was clearly erroneous in view of the evidence and pleadings on the record.[1]
The trial court could reasonably have found the following facts: The defendant had been an art director in New York City. Due to his history of alcoholism, however, he has had difficulty in pursuing his career. After the divorce between the parties, he spent one year in an alcoholic rehabilitation clinic. The defendant has remarried and is living with his present wife in her $280,000 home, where she pays all the household bills. The defendant grossed $22,562 in 1980 and $4425 in 1981 through free lance work. The defendant's wife is having a studio for the defendant constructed on her premises. The defendant has never sought work in any other field.
The trial court concluded that the defendant had the potential to help support his children, but was working hard at avoiding that obligation. The question is whether the trial court erred in failing to modify its weekly support order in view of the defendant's financial circumstances.
The defendant failed to file an appeal from the original order pursuant to General Statutes 46b-206.[2] "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." Grinold v. Grinold,172 Conn. 192, 195, 374 A.2d 172 (1976). The defendant's motion for modification fails to disclose any substantial *Page 502 
change in his circumstances between the time of the entry of the original order on April 3, 1981, and the hearing on his motion to modify held on May 1, 1981.
Instead, the defendant contends that the trial court erred because its decision was based on the defendant's gross income rather than his net income. It cannot be disputed that net income available to the party who is to pay alimony, not gross income, is a criterion which the court must consider in fixing alimony. Collettee v. Collettee, 177 Conn. 465, 469, 418 A.2d 891
(1979); Tobey v. Tobey, 165 Conn. 742, 747,345 A.2d 21 (1974). The same criterion should apply to orders of support. Net income, however, is not the sole measure of a support award.
"To determine the amount of support required by minor children, the court considers the needs of the children and the respective abilities of the parents to maintain them." Whitney v. Whitney,171 Conn. 23, 29, 368 A.2d 96 (1976). Inability to pay does not automatically entitle a party to a decrease of an alimony order; it must be excusable and not brought about by the defendant's own fault. Sanchione v. Sanchione, 173 Conn. 397, 407,378 A.2d 522 (1977). The trial court concluded that the inability of the defendant to pay was due to his own fault on the basis that he had an earning capacity which he failed to exploit. An award based on earning capacity rather than on actual earned income is correct in the proper case. Whitney v. Whitney, supra, 28.
As our Supreme Court has repeatedly stated, "judicial review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the court correctly applied the law and could reasonably have concluded as it did." Beede v. Beede, 186 Conn. 191,194, 440 A.2d 283 (1982). The amount of an award for the support of children is within the court's *Page 503 
discretionary power in this area and will not be disturbed unless the discretion has been abused. Cleveland v. Cleveland, 165 Conn. 95, 100, 328 A.2d 691 (1973). "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." Beede v. Beede, supra, 195. We find no abuse of discretion by the trial court in this case.
 There is no error.
In this opinion BIELUCH and COVELLO, Js., concurred.