[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are the defendant's postjudgment motion to modify child support and the plaintiff's motion for counsel fees and lost wages.
The parties' marriage was dissolved on August 18, 1982, Kelly, J., and, as part of the dissolution judgment, the defendant was ordered to pay $150 per week as unallocated alimony and child support. On February 22, 1994, this order was modified by the court, Kaplan, J., eliminating alimony and increasing the defendant's child support obligation to $200 per week. On January 27, 1995, the defendant moved to modify this order, and on February 9, 1995, the plaintiff moved for attorney's fees and compensation for lost wages in having to defend against the motion to modify.
 I Motion for Modification
The defendant is an attorney who specializes in the area of worker's compensation law. Until April 1, 1994, the defendant was an associate in the law firm of McGann, Bartlett, and Brown, whose business largely comprised defending insurance carriers and employers in workers' compensation cases. The defendant worked for that firm for about five years earning a peak salary of $60,000 per year in his final year. The defendant had believed that, if he worked satisfactorily for that firm for five years, he would be afforded the opportunity to buy-in as a partner.
In the past, most legal defense work in the workers' compensation field was performed by outside counsel retained by insurance carriers for that purpose. Recently, however, as a cost-cutting measure, several workers' compensation insurance carriers have engaged in-house counsel to handle such cases, and business for outside firms has shrunk.
McGann, Bartlett, and Brown have felt the pinch. As a consequence, when the partners met with the defendant for his five year performance evaluation, the defendant was informed that, while his work performance was good, no partnership slot would be offered CT Page 1863 to him. He could remain with the firm as an associate at his current salary, however.
The defendant decided to leave the firm and start his own practice. He estimated that, after a time, he would be able to earn a greater salary and have greater job security on his own. He expected that certain clients of his former firm would follow him to his new practice. On April 1, 1994, the defendant quit McGann, Bartlett, and Brown and began his own law firm. Unfortunately, the clients he counted on joining him declined to switch lawyers. The defendant's average, gross income is around $315 per week. His gross income at his former firm, according to his financial affidavit of February 22, 1994, was around $1166 per week. The defendant asserts that this drop in income from $1166 to $315 per week is a substantial change in circumstance warranting a reduction in child support. The court disagrees.
Under General Statutes § 46b-86(a), a court may modify a child support order upon a showing of a substantial change in circumstance of a party. The defendant argues that this $850 per week reduction in income constitutes such a change. The court holds that, under the facts of this case, it is not the change in the defendant's actual income that matters, but the existence or absence of a change in his earning capacity. In other words, the court must focus on the defendant's earning capacity at the time of the child support order, February 22, 1994, as compared to his capacity after that date.
It is well established that in marital dissolution cases financial awards may be based on earning capacity rather than on actual earned income, Lucy v. Lucy, 183 Conn. 230, 234 (1981). Such consideration is especially appropriate where the obliger has voluntarily left employment, Paddock v. Paddock, 22 Conn. App. 367,371 (1990); Hart v. Hart, 19 Conn. App. 91, 95 (1989).
The court finds that the defendant's earning capacity remains unchanged. The defendant voluntarily left a job paying $60,000 per year. The court finds that the defendant could have maintained his employment at that salary for the foreseeable future if he chose to do so. It should be noted that the parties' son is nearly fifteen years old and that the nascent stages of the defendant's private practice may consume the remainder of his son's minority. The defendant's ambition to establish his own law firm is laudable, but the expense of such an enterprise should not be borne by his son through a reduction in the defendant's child support obligation. CT Page 1864
Having found no substantial change in circumstances, the motion for modification is denied.
 II Motion for Attorney's Fees and Lost Wages
As to the plaintiff's motion for lost wages, the plaintiff claims that the defendant's refusal to agree to continue the hearing on his motion to modify child support to a day on which she was on vacation, instead of a work day, entitles her to compensation for having to lose pay by attending court. The court observes that the hearing on the motion for modification was originally scheduled for February 14, 1995, and was rescheduled at the plaintiff's request. Presumably, both parties were disadvantaged by having to spend time in court and away from their work. Considering the equities involved, the court declines to award compensation for the plaintiff's lost wages.
Also, the plaintiff requests counsel fees for defending against the defendant's motion to modify. While the court has denied the defendant's motion, the claim was not a frivolous one. Both parties have filed motions to modify the judgment in this case in the past. The plaintiff has income adequate to allow her to defend against the defendant's motion, and defendant's motion to modify does not appear to be abusive. The motion for attorney's fees is denied.
Sferrazza, J.