[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a dissolution of marriage and related orders, brought by the plaintiff, Zhen Yi against the defendant Guoshun Zhuang. This matter was tried to the court on April 12, 1996. It should be noted that while the defendant had filed a pro se appearance and received notice of this hearing, he failed to appear at the hearing.
The plaintiff and the defendant were married on November 25, 1991 in South Kingstown, Rhode Island. The plaintiff has resided continuously in this state for at least twelve months next preceding the date of the filing of her complaint. The plaintiff and the defendant have had two minor children issue of their marriage, Margaret Hongyi Zhuang, born May 26, 1989 and Elena Hongyuan Zhuang, born August 24, 1992. No other minor children have been born to the plaintiff since the date of the parties' marriage.
The plaintiff was born on November 10, 1964, and is now 31 years old. She is in good health. The plaintiff is a native of China, began her education there, and received the equivalent of a bachelor of science degree there in 1985. She also received a Master's degree and a Ph.D. in these United States, in 1992. She has gainful employment as a research chemist with Cytec Industries, Inc., in Stamford. Her gross earnings, on an annualized basis, are approximately $57,300.00. The plaintiff has managed to be diligent and thrifty concerning these earnings. She has supported herself and her children and maintained the usual and necessary expenses of the household, while enhancing her CT Page 4034-TT future well being by contributing to her employer's pension plan.
The defendant was born on November 6, 1946, and is presently 49 years old. He, too, is in good health. The defendant is similarly well educated, beginning his formal education in his native China and completing it with a post doctoral research fellowship and professorship in this country. With one exception between September, 1994 and August, 1995, the defendant has been, and is, gainfully employed. Immediately prior to trial, the defendant left employment as a chemist at Boehringer-Ingelheim Pharmaceuticals, Inc., where, most recently, his weekly earnings resulted in a gross annual salary of more than $58,000, and gross including overtime of more than $84,000. The defendant then began similar employment at C.P. Technology, Inc. in Ridgefield, where in the only six full weeks of employment he has had gross earnings on an annualized basis of more than $60,200, and gross earnings including overtime of nearly $91,000. The trial court may base financial awards on a party's earning capacity, that is, what a party can realistically be expected to earn. Lucy v. Lucy,183 Conn. 230, 234 (1981). As explained more fully, infra, there is no evidence that the defendant has recently contributed anything more than a minimal amount of his earnings to the expenses of the parties' household and support of their children.
The plaintiff has exclusive ownership of several assets, as noted on her financial affidavit. These assets require some discussion. The parties jointly own the marital residence at 3 Lacey Lane in Norwalk, Connecticut. It was purchased in April, 1995, at a cost of $225,000. The parties contributed $57,000 to the purchase of the home; the remaining $168,000 was funded by way of a purchase money mortgage. The court finds that at least 80% of the parties' $57,000 down payment (i.e., $45,600 or more), was attributable to the plaintiff's salary savings. The present fair market value of the home remains approximately $225,000. Additionally, the plaintiff owns an apartment in her native China having a value of approximately $20,000; the defendant owns a similar apartment in China in his own name. Finally, the plaintiff has checking and savings accounts with a total value of approximately $3,500, and a 401K with her employer worth approximately $29,000. These assets, too, are the product of the plaintiff's earnings and savings.
The marriage of the parties has broken down irretrievably. There is more than one reason for the breakdown. First, there have been several instances of threatening and assaultive CT Page 4034-UU behavior by the defendant against the plaintiff. On occasion the defendant has also struck his children. The defendant has also left the plaintiff and the children for extended periods of time.
In addition to the foregoing, the defendant has also depleted the assets of the marital estate. For some time prior to August, 1995, the parties had a joint savings account with a balance of approximately $25,000. The plaintiff's earnings were the primary source of the funds in that account, the purpose of which was to function as a support reserve for the family. In or about September, 1995, the defendant, without the knowledge or assent of the plaintiff, withdrew approximately $22,500 from that account. The precise disposition of those funds is unknown, but it would appear that the defendant has secreted a substantial portion of that money in China. Certainly, any of that money is now unavailable to the plaintiff and the support of the children. See, Szypula v. Szypula, 2 Conn. App. 650, 658 (1984). Further, within the last six to eight months before trial, the defendant contributed minimally, if at all, to the family's common support. The defendant's earnings and compensation were segregated in his own name, and not made available to the support of the plaintiff and children. In sum, the court finds the defendant to be at fault in the breakdown of this marriage, and the court does take this into account in rendering its financial and property awards.Bieluch v. Bieluch, 190 Conn. 813, 820 (1923).
Finally, this court makes the following findings relative to its further orders, post, for custody and support. The plaintiff has provided a stable home environment for the parties' minor children. She has always resided with the children, and has been their primary caretaker. More recently, as indicated above, she has also been the exclusive financial provider for the children's needs. In contrast, the defendant has left the home and the children for extended periods of time, has used excessive discipline by punching and striking the children, and has failed to contribute to their financial well being. Under the Connecticut Child Support Guidelines, the current level of support required of the defendant, as the non custodial parent, is $302 per week.
This court has considered Sections 46b-81 and 46b-82, and other relevant statutory criteria, and enters the following orders:
1. The marriage of the parties is dissolved on the grounds of CT Page 4034-VV an irretrievable breakdown.
2. The plaintiff is awarded sole legal and physical custody of the minor children, with rights of reasonable supervised visitation by the defendant.
3. The defendant shall pay to the plaintiff child support for the minor children in accordance with the applicable Child Support Guidelines, in the sum of $302 per week until further order of this court. Said amount shall be paid monthly, no later than the fifth day of every month. An immediate wage withholding order shall enter to secure said support obligation.
4. The plaintiff is awarded sole ownership of the marital residence located at 3 Lacey Lane, in Norwalk, Connecticut.
5. The plaintiff shall retain all of the assets listed on her financial affidavit, dated April 12, 1996, including but not limited to any and all bank accounts, her 1992 Toyota Corolla automobile, her 401K savings plan and all items located in the marital residence which are listed on Schedule A attached thereto.
6. The defendant is ordered to purchase and maintain a minimum of $200,000 of life insurance coverage until such time as the children reach the age of majority or are legally emancipated, whichever is sooner; said insurance coverage shall be payable to the plaintiff, as trustee, for the exclusive use and benefit of the support of the minor children.
7. The plaintiff shall continue to provide and maintain her currently existing medical insurance coverage or its equivalent for the minor children. The plaintiff and the defendant shall equally divide the cost of all uninsured or unreimbursed, medical, dental, orthodontic, psychological, psychiatric, therapeutic, counseling, or other health related expenses of the minor children.
8. The plaintiff is solely responsible only for those liabilities set forth on her financial affidavit, including the mortgage on the marital residence, and the defendant shall indemnify and hold the plaintiff harmless from any liability not so listed.
9. The parties are ordered to file separate 1996 tax returns, CT Page 4034-WW and each party shall retain any refund derived therefrom and be solely responsible for any tax due from their respective separate filings. If any deficiency assessment should be finally determined in respect to any joint income tax return previously filed by the parties, each shall bear his or her share of any additional tax (including interest and penalties, if any attributable to his or her income or to the deductions or credits claimed by him or her). If one of the parties pays the full additional tax, the other shall reimburse the former promptly upon such payment. Any tax refund shall be divided on the same basis as any additional tax, if attributable to both of them. The plaintiff is further awarded the income tax exemptions for the minor children, along with any and all income tax deductions arising out of the payment of the obligations at the former marital residence located at 3 Lacey Lane, Norwalk, Connecticut.
So Ordered.
Dated at Stamford, Connecticut this 20th day of May, 1996.
JOHN F. KAVANEWSKY, JR. JUDGE