[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage. The plaintiff and the defendant intermarried on March 6, 1993, in Stratford, Connecticut. The plaintiff has lived continuously in this state for at least twelve months next preceding the date of the filing of the complaint. There are no minor children issue of this marriage; no children have been born to the defendant since the date of the marriage. The marriage has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 25 years old. He has a high school education, in a trade program. He has been employed as a signal man by Metro North Railroad the past four years. He earned $52,000, gross, in 1996. Some of this is attributable to overtime work, and income from a side job which has since been CT Page 13410 discontinued.
The plaintiff suffered a work related back injury in July, 1997. As a result, he is receiving medical treatment, and he is on light duty work. He presently earns $545.00 per week gross, $377.00 per week net. The plaintiff expects to be able to resume full duty work in approximately three months. At such time, he will then net approximately $500.00 to $525.00 per week.
The defendant is 26 years old. She did not complete high school. She has, however, been certified as a nurses aid since approximately 1992. She has had a series of jobs, some temporary, others permanent, some part time, others full time, since 1994. The defendant has been continuously employed, with the exception of the period between April, 1995 and April, 1996. During that period, she had a non-paying job as a "regular pioneer", a form of ministry; also, she was out of work beginning in November, 1995, for approximately four months as a result of a cancer diagnosis. She reports that treatment was successful, and she believes that she is now cancer-free.
The defendant now has two part time jobs. One is as a nurses aid, for which she works eight hours per week; the other job employs her for thirteen hours per week. As a result, she currently has a total net of approximately $115.00 per week.
However, the court believes that an earnings capacity analysis is a more appropriate measure of the defendant's income on which to base financial awards. In Venuti v. Venuti,185 Conn. 156 (1981), our supreme court stated that:
 "In marital dissolution proceedings, under appropriate circumstances, the trial court may base financial awards on the earning capacity rather than the actual earned income of the parties; Lucy v. Lucy, 183 Conn. 230, 234, 439 A.2d 302 (1981); Miller v. Miller, 181 Conn. 610, 611-612, 436 A.2d 279 (1980); when, as here, there is specific evidence of the [party's] previous earnings. Compare Schmidt v. Schmidt, 180 Conn. 184, 190, 429 A.2d 470 (1980)." Venuti, supra, at 161.
The court heard evidence, from the defendant herself, of several occasions of full time employment when she earned approximately $250.00 per week, net. Further, only a month before CT Page 13411 the trial, in November, 1997, the defendant had a third part-time job (she has since been laid off) which resulted in a combined net weekly income of approximately $265.00. The court believes that the defendant has the ability and capacity to earn a net sum of approximately $250.00 to $260.00 weekly. Her stated ambition, to obtain her G.E.D., should only enhance her earning capacity.
The court briefly addresses the issue of fault for the dissolution, which was raised by the parties, especially the plaintiff. This relatively short marriage was punctuated by several occasions of heated verbal abuse in which both parties participated. Also, there were several occasions where either one party or the other left the marital home for several weeks before returning.
Some of the arguments centered on financial matters; to wit, a lack of money. The parties fell behind on certain utility and car loan payments. There was also one occasion when the plaintiff forged the defendant's signature on their joint 1996 tax refund, keeping the proceeds for himself. The plaintiff admits that the defendant is due $200.00 to $250.00 of that refund.
On a fault basis, this court believes that the evidence shows that both parties are fairly evenly culpable for the breakdown of this marriage.
This court, having heard all the evidence and considered it in light of all relevant statutory criteria, enters the following orders:
 1. The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
 2. Beginning January 1, 1998, the plaintiff shall pay to the defendant, as and for periodic alimony, the sum of $300.00 per month until the happening of one of the following events, whichever first occurs: the defendant's death, remarriage or cohabitation with a member of the opposite sex, or March 31, 1999. Further, an increase in the plaintiff's income up to $500.00 per week, net, shall not be the basis of a modification.
 3. The plaintiff shall pay to the defendant, as and for reimbursement of the defendant's share of the 1996 tax refund, the sum of $250.00 on or before January 1, 1998.
CT Page 13412
 4. The plaintiff shall provide to the defendant such health insurance coverage as may be available through the plaintiff's employment, at the cost of the plaintiff. The defendant shall be solely liable and responsible for any uncovered or unreimbursed medical expenses she may incur. The plaintiff's responsibility for providing the defendant with health insurance coverage shall not continue beyond whatever date the defendant becomes ineligible for such insurance, or March 31, 1999, whichever first occurs.
 5. The plaintiff shall promptly reimburse the defendant for one-half of any amounts on the Misuibishi credit liability, shown on the defendant's affidavit, which she actually pays.
 6. Except as may be more specifically stated above, the parties shall each retain all assets and be responsible for all liabilities shown on their financial affidavits, free of any claim or obligation of the other.
7. Counsel for the plaintiff shall prepare the judgment file.
So ordered.
KAVANEWSKY, J.