[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This an action for dissolution of marriage returnable to the Waterbury Superior Court. CT Page 8851
The parties intermarried on October 18, 1986 at Enfield, Connecticut. They have resided in Connecticut for at least one year prior to the commencement of this action.
There are two minor children issue of this marriage, namely Kathryn, born November 6, 1990 and Colin, born November 29, 1994. The parties stipulated that custody of the minor children was not in issue and that they agreed that they would share joint legal custody of the two minor children with the plaintiff having primary physical custody and the defendant having reasonable visitation.
The plaintiff offered evidence at trial which clearly established that the marriage of parties has broken down irretrievably.
Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in Sections 46b-81, 46b-82, 46b-84, 46b-215, et seq., C.G.S., as CT Page 8852 well as other related statutes, in reaching the decisions reflected in the orders which follow.
There was considerable evidence offered at trial as to the real and personal assets of the parties and of their efforts to obtain financial security for themselves and their children. It included testimony by their former financial advisor/insurance agent as to a variety of life, health and disability policies in their portfolio.
Considerable evidence and testimony was offered regarding the defendant's employment and earnings history — or lack thereof — and its impact on the financial orders in this case.
The parties are both young, intelligent and articulate individuals with college degrees. The plaintiff was born on April 2, 1962. At the time of trial she was employed by The New Haven Terminal and had been so employed for more than six years as an environmental manager. According, to her financial affidavit, her gross weekly income is $961.00, which nets her approximately $702.00 per week. She has worked continuously throughout the marriage except for time spent for maternity leave.
The defendant was born on September 4, 1960. He has had several positions related to environmental concerns including Environmental Waste Recovery (EWR) in Waterbury. At the time of trial he testified that he was unemployed and without income. His income from prior employment was found to be between $50,000 and $55,000.00 at its highest.
In 1992 the defendant received a sizable inheritance from the estate of his mother. After terminating his employment with EWR, the defendant was employed by AET and was assistant director of regulatory affairs dealing with environmental waste for a salary of approximately $50,000.00. He also transferred his 401(k) savings plan from EWR to AET and then withdrew that fund and, as the defendant testified, he "opted to roll that money into an individual IRA s" in his name alone. They were American Funds IRA and a Putnam Funds IRA purchased through his financial advisor. He listed them on his September 9, 1996 financial affidavit with values of $12,000.00 and $20,000.00, respectively. Neither IRA was reported on his financial affidavit filed at the time of trial. Testimony adduced at trial indicated that the defendant has since closed out both IRAs. CT Page 8853
In 1992 the defendant left AET and together with several AET acquaintances he sunk considerable sums of money into a venture known as American Lamp Recycling Company (ALR).
A good part of his investment (over $100,000.00) was from his inheritance and then from the sale of other assets. Despite his considerable investment he did not realize either the financial or employment rewards which he had expected and the investment ended badly for him. The plaintiff contributed neither money or talent to ALR. A colleague and director at ALR, David Green, testified that the defendant was the managing member or "the brains" of the outfit, while Green was the controlling partner or "the money." He added that in his opinion the defendant was "the best regulatory specialist ever", "astounding" and "extremely intelligent." Green further testified that just before the defendant terminated his employment with ALR, Green offered to pay him $40,000.00 and to split the profits of the company with him, but the defendant declined in part because he could not have a company vehicle as part of the offer. The defendant testified that his reason for leaving was the failure by ALR to make good on a $75,000.00 which he had been promised. That soured business relationship was later the subject of a suit or claim by the defendant against the corporation.
The defendant left that employment and began collecting $350.00 per week as unemployment compensation. At the time of trial he listed his income as "0" and he had depleted the money in the IRA accounts.
The plaintiff maintains that despite all of his testimony about his lost investment and the breach of his contractual expectations, the defendant voluntarily quit his employment and has not made any reasonable effort to obtain comparable employment. The defendant testified that he has not made any appreciable effort to find work through ads, environmental workshops or employment fairs or through personal inquiry. The parties "common denominator", professionally, was their mutual knowledge and experience in the area of environmental regulations and services. When the plaintiff encouraged the defendant to seek employment leads in that field and even offered to "promote" him to potential employers at seminars and continuing education programs, he responded that he was not interested and that he was "not motivated" to look for a job.
The defendant's testimony that he lacks the ability to earn CT Page 8854 more than his reported income is not credible. He has an earning capacity which he has not exploited.
The court under appropriate circumstances in a marital dissolution proceeding may base financial awards on the earning capacities of the parties rather than on the actual earned income. Lucy vs. Lucy, 183 Conn. 230, (1981); Miller vs. Miller,181 Conn. 610, (1980).
Based on the competent evidence and testimony, and notwithstanding the defendant's claims to the contrary, the court finds that the defendant has, and for several years has had, and earning capacity of at least $55,000.00 and that he has failed to exploit it. The orders enter hereinbelow predicated upon that finding.
 ORDERS,
Based upon the foregoing findings of fact, the court enters the following orders:
 I CUSTODY
The parties are to share joint legal custody of their two minor children, Kathryn and The children's primary residence shall be that of the plaintiff and the defendant shall have reasonable and liberal visitation as determined by the parties.
 II CHILD SUPPORT
For the reasons stated hereinabove, the court finds that the defendant's earning capacity to be no less than $55,000.00 and, for that reason the court finds sufficient criteria to deviate from the child support guidelines and to enter support orders based on said earning capacity rather than upon the defendant's reported income.
The court determines the combined net weekly income of the parties to be $1400.00 and the support obligation of the parties for their two minor children is found to be $400.00. The defendant's proportionate share of that obligation is found to be $210.00 per week and he is ordered to pay that amount to the plaintiff for the benefit of the minor children. The plaintiff is CT Page 8855 to maintain medical insurance for the benefit of the minor children as it is available to her through her employment. Any cost for such insurance shall be shared equally by the parties. The parties shall also share equally any uninsured or unreimbursed medical and dental expenses incurred for the benefit of the minor children.
 III ALIMONY
A. PERIODIC ALIMONY
The defendant shall pay to the plaintiff periodic alimony in the amount of $75.00 per week. That obligation shall continue until the first of the following events:
a. The death of either party.
b. The remarriage of the plaintiff.
 c. Cohabitation by the plaintiff as that term is defined by statute.
d. Five (5) years from the date of this judgment.
B. LUMP SUM ALIMONY
The defendant shall pay to the plaintiff lump sum alimony in the amount of $5,000.00 within 180 days of this judgment.
 IV PROPERTY DIVISION
A. REAL PROPERTY
1. The defendant shall convey to the plaintiff all of his right, title and interest in and to the marital residence located at 50 Columbia Boulevard in Waterbury. Except as otherwise provided in this judgment, the plaintiff shall be responsible for all debts and costs related thereto and she shall hold the defendant harmless from all financial obligations related to said property.
2. The parties shall be equally responsible for any deficiency judgment and all other financial obligations CT Page 8856 associated with the real property located at 488 Willow Street in Waterbury.
B. PERSONAL PROPERTY 1. AUTOMOBILES — The plaintiff shall have all right, title and interest in the 1993 Nissan Maxima. The defendant shall have all right, title and interest in the 1991 Ford Explorer. Each party shall be solely responsible for all loans, taxes and other financial obligations related to their respective vehicles.
2. INSURANCE POLICIES — (a) The plaintiff shall retain ownership of the Minnesota whole life insurance policy listed on her financial affidavit in the amount of $225,000.00 on the life of the defendant. She shall hold said policy in trust for the two minor children who are to be the beneficiaries of said policy.
(b) The plaintiff shall retain ownership of the Minnesota whole life policy in the amount of $180,000.00 on her own life. She shall hold said policy in trust for the two minor children who are to be the beneficiaries of said policy.
(c) Said whole life policies shall be maintained until both of the minor children have attained the age of majority. The defendant shall contribute one half of the annual cost of maintaining said insurance policies.
3. AMERICA-IN LAMP RECYCLING
The defendant shall retain solely all right, title and interest in the business known as American Lamp Recycling and he shall shall hold the plaintiff harmless from any debts or financial obligations associated with that business
4. MISCELLANEOUS PROPERTY
The parties shall share equally all other personal property and furnishings. If they are not able to agree to the division of such property, the matter shall be referred to the Family Relations Office of the Superior Court for mediation.
 V DEBTS
Except as otherwise provided herein, the plaintiff and CT Page 8857 defendant shall each be responsible for the debts listed on their own financial affidavit filed at the time of trial and each shall hold the other harmless from all such debts.
Having found that the marriage of the parties has broken down irretrievably, the court decrees that the marriage of the parties is dissolved and they are single and unmarried.
By the Court,
Joseph W. Doherty Judge