[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief which was brought to the Judicial District of Danbury. Although the Defendant was given notice of the trial date, he failed to appear for trial. As a result, the Court ordered the Plaintiff to proceed in his absence. The Court heard evidence on January 25, 1999, and the matter was continued until January 26, 1999 for completion of trial. Plaintiff and Defendant were married on June 16, 1972 at Inglewood, California. The Plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date of the filing of the complaint. The marriage of the parties has broken down irretrievably without any reasonable prospects of reconciliation. The parties have two children, issue of the marriage, only one of which is still a minor, to wit: Jon M. Petrovick, born April 28, 1983. No other minor children have been born to the Plaintiff wife since the date of the marriage of the parties. Neither party has received state assistance.
The Plaintiff is forty-six years of age and suffers from emotional problems stemming from the breakup of this marriage. The Plaintiff has a high school education. She has not been employed outside of the home except for occasional housecleaning jobs. The Plaintiff lacks significant employment skills, and therefore it is unlikely that the Plaintiff will ever have the earning capacity of the Defendant. The Plaintiff has devoted much of her time over the past two years caring for the parties' son Jon. Jon has suffered from emotional problems resulting from a poor relationship with his father. Jon's emotional problems manifest themselves by poor academic performance.
The Defendant is fifty years of age and in good health. The Defendant was employed at United States Tobacco Corporation as Manager of Systems programming for the past twenty-two years. In July, 1998, the Defendant, without warning, voluntarily quit his job at UST. Prior to quitting his job, the Defendant transferred all of his UST stock to an account at Merrill Lynch solely in his CT Page 2308 own name, despite the existence of a restraining order previously issued by this Court. At the time of quitting, the Defendant cashed out his 401K deferred compensation plan with a balance of $140,000. The Defendant then left the State of Connecticut and commenced residing in Massachusetts. When the Defendant removed himself to Massachusetts, he took with him all of the stock portfolio of the family, except for 1600 shares of UST stock which were physically in the wife's possession. The Defendant took the following marital assets with him: the Merrill Lynch account with a balance of $457,000; the UST 401K plan of $140,000; the GTE stocks valued at $20,000; and Comcast valued at $9000. Therefore, the Defendant removed from this state marital assets of $626,000.
The following assets remain in the Plaintiff's possession or in possession of the Defendant's former employer: the marital residence ($180,000); the remainder of the United States Tobacco savings plan ($15,000); UST stock options ($5000); and 1600 shares of UST stock ($56,000).
The Court has considered the holdings set forth in Lucy v. Lucy, 183 Conn. 230 (1981); and Hollings v. Milde,38 Conn. Sup. 500 (1982). These cases hold that alimony and child support may be based on the Defendant's earning capacity rather than on his actual income when he voluntarily quits or avoids obtaining employment in his field. Furthermore, the Court has considered the provisions of Connecticut General Statutes § 46b-82
regarding the issue of alimony; and has considered the provisions of Connecticut General Statutes § 46b-81 regarding the issue of property division; and has considered the provisions of Connecticut General Statutes § 46b-56 regarding the issues of custody and visitation; and has considered the provisions of Connecticut General Statutes § 46b-84 and the Child Support Guidelines regarding the issue of support; and has considered the provisions of Connecticut General Statutes § 46b-62 regarding the issue of attorney's fees. The Court enters the following orders.
 ORDERS
A. BY WAY OF DISSOLUTION
The marriage between the parties is dissolved and each party is declared to be single and unmarried. CT Page 2309
B. BY WAY OF CUSTODY AND VISITATION
The Plaintiff is awarded sole custody of the one minor child.
The Defendant is awarded reasonable visitation at the discretion of the minor child Jon. All visitation shall occur in the State of Connecticut.
C. BY WAY OF CHILD SUPPORT
The Defendant shall pay child support to the Plaintiff pursuant to the Connecticut Child Support Guidelines. Child support should be based on the Defendant's earning capacity of $115,000 per year. Therefore, the Defendant shall pay to the Plaintiff child support in the sum of $287 per week. An immediate wage execution is authorized for both the support order, as well as the alimony order hereinafter entered.
The Defendant shall maintain medical insurance for the benefit of the minor child. In the event that the Defendant fails to provide medical insurance, then he should be solely responsible for all medical, dental, orthodontic, optical, psychiatric and prescriptive drug expenses. If the Defendant obtains health insurance for the benefit of the minor child, then the parties shall equally share all unreimbursed medical expenses incurred on behalf of said child.
The Defendant shall name the minor child as an irrevocable beneficiary on a minimum of $100,000 of life insurance.
D. BY WAY OF ALIMONY
The Defendant is ordered to pay to the Plaintiff alimony at the rate of $500 per week. This order shall continue until the death of the plaintiff, the death of the defendant, the remarriage of the Plaintiff or her regular cohabitation as defined by § 46b-86(b) of the Connecticut General Statutes.
The Defendant shall name the Plaintiff as a beneficiary on life insurance insuring his life in the minimum amount of $100,000. This obligation shall continue so long as the Defendant is required to pay alimony to the Plaintiff.
E. BY WAY OF PROPERTY ORDERS
CT Page 2310
The Court orders the transfer of all of the Defendant's right, title and interest in the marital residence located at 9 Obtuse Rocks Road, Brookfield, Connecticut, to the Plaintiff, pursuant to § 46b-81 of the Connecticut General Statutes. The Defendant is ordered to pay the lien on the marital residence resulting from the loan made to his brother. The Defendant shall indemnify and hold the Plaintiff harmless from any liability whatsoever arising from that lien.
The Plaintiff is awarded all of the Defendant's interest in his defined benefit pension plan at United States Tobacco Corporation. This shall be accomplished by way of a Qualified Domestic Relations Order. The Defendant is awarded rights of survivorship in said pension, and the Plaintiff shall be considered the Defendant's surviving spouse. The Court shall retain jurisdiction over this issue until the Qualified Domestic Relations Order is prepared and accepted by the plan administrator.
The Plaintiff is awarded remaining interest of the Defendant in his 401K plan at United States Tobacco. This award shall include any remaining interest of the Defendant in the UST savings plan which is ordered transferred to the Plaintiff. This shall be accomplished by way of a QDRO. The Court shall retain jurisdiction over this issue until the Qualified Domestic Relations Order is prepared and accepted by the plan administrator.
The Plaintiff is awarded all of the stock options available to the Defendant at his former employer the United States Tobacco Corporation. This transfer shall be accomplished pursuant to § 46b-81.
The Court orders the transfer of all of the Defendant's right, title and interest in 1600 shares of United States Tobacco stock to the Plaintiff which she presently has in her possession, pursuant to § 46b-81 of the Connecticut General Statutes.
The Court orders the transfer of all of the Defendant's right, title and interest in 469 shares of GTE Corporation stock to the Plaintiff, and 400 shares of Comcast Cable Corporation stock, which is presently in the name of the Defendant, or joint names of the parties, pursuant to § 46b-81 of the Connecticut General Statutes. CT Page 2311
F. BY WAY OF COUNSEL FEES
The Defendant is ordered to pay to the Plaintiff counsel fees in the sum of $5000. This order should be paid within thirty days of the date of the dissolution of marriage.
G. BY WAY OF RETURN OF BIRTH NAME
The birth name of the Plaintiff is hereby restored, to wit: Mary C. Carroll by which name she shall hereafter be known and called.
Owens, J.