[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married at Ridgefield, Connecticut, on June 19, 1982. There are two minor children issue of the marriage: Ian Scudder, born March 14, 1988; and Leigh Scudder, born August 1, 1991. The Court has the requisite jurisdiction. This is a CT Page 9194 seventeen year marriage.
The plaintiff is forty-two and the defendant is forty-three. The marriage has broken down irretrievably and is dissolved on this ground. Plaintiff is a graduate of the University of Connecticut and has her master's degree from Southern Connecticut State University. Her discipline throughout undergraduate school as well as graduate school has been the sciences. She taught science at New Milford High School until the parties' first child was born. She taught through 1995 on a part-time basis period. The defendant is a highly qualified electrician and the plaintiff kept his books and was the family financial planner. The defendant has little interest or ability in bookkeeping or record keeping. Plaintiff was proficient in this area. In addition, she volunteered at the children's school as often as she could. In September of 1998, she taught full-time at Joel Barlow High School in Redding, but was required to withdraw because of Leigh's inability to handle his disability without her nurturing. Both children have had serious medical problems but only Leigh's is acute. Ian has asthma and requires regular medical attention. The asthma is managed and he continues to improve. Leigh, who is seven, is creative and gregarious, is afflicted with Tourette's Syndrome and A.D.H.D. He treats regularly with medical specialists. Leigh has completed the second grade. When the plaintiff was teaching in Redding, the school day consisted of some eleven hours, including a lengthy drive. The plaintiff was needed in the morning to prepare the two boys for school, particularly to be of assistance to Leigh. After school, Leigh required a great deal of supervision with respect to homework and recreation. The plaintiff was not able to handle both jobs. Plaintiff has recently been working on a part-time basis at the New Fairfield public school, substituting approximately three days per week. Unfortunately, she is not able to obtain medical coverage. She testified that she would eventually like to go back to full-time teaching, but at the present time the support their two boys require, particularly Leigh, will not allow her to work on a full-time basis. The Court is satisfied, after hearing all of the evidence, that the interest of the children are best served at the present time by plaintiff's extra attention and presence with their children. She testified that when Leigh becomes more comfortable in his educational setting, she will obtain full-time employment.
The plaintiff claims that the defendant is at fault for the breakdown of the marriage because on frequent occasions he lost CT Page 9195 his temper and used profanity. In addition thereto, she claims that there was some alcohol abuse. The Court finds that the defendant, who had a high school education, was at one time a very diligent and hard working person. The plaintiff, who is highly educated, and the defendant, probably did not have a great deal in common from the inception of their marriage. The Court finds that plaintiff's complaints about defendant's language and use of alcohol are at most minimal. The defendant testified that the plaintiff was helpful in managing the finances. However, he claims sex was rationed based on defendant's good deportment and the plaintiff's mood. Plaintiff commenced the dissolution action on August 7, 1998, some two months after he had moved out of the family residence. He had met Abigail Stein in June of 1998, but claims that he did not develop any type of sexual relation with her until some time after the action was instituted. The plaintiff has offered no evidence to support a claim of infidelity prior to the commencement of the action, and when the defendant did engage in a new relationship, the marriage had long since broken down irretrievably. Both parties contributed equally to the breakdown of the marriage. With respect to defendant's earnings that have decreased substantially commencing in January of 1999, he testified that the reason for his inability to work more assiduously is because of his on-going domestic difficulties. In addition thereto, he claims that he has not been able to obtain the necessary amount of electrical work to generate income as he has in the past. The defendant has no health problems. He is forty-three and is an expert electrician. The Court finds that defendant has not lived up to earning potential.
In 1995, the defendant reported net earnings of $83,592, and for 1997 $77,806. From January 1, 1999 to March 31, 1999, the defendant earned $6270 including salary and net income. It is clear, after hearing the defendant, that there are no extenuating circumstances explaining this substantial reduction in income. The Court has carefully considered defendant's skills, age and health in determining his earning capacity. It is reasonable to conclude that defendant can realistically earn substantially more than $470 per week gross, when the going rate for electricians is $45 per hour, and this area of the state is in the middle of a booming building economy. Lucy v. Lucy, 183 Conn. 230,439 A.2d 302 (1981); Miller v. Miller, 181 Conn. 610, 436 A.2d 279
(1980). CT Page 9196
The Court has carefully considered all of the statutory criteria enumerated in Connecticut General Statutes §§ 46b-81(c) and 46b-82 in entering its orders in this matter.
 ORDERS
1. Dissolution of Marriage. The marriage is dissolved on the grounds of irretrievable breakdown.
2. Custody and Visitation. The parties shall share joint custody of the minor children who shall maintain their primary residence with plaintiff. Defendant shall have rights of visitation as currently established through Family Relations, plus two weeks vacation per year on forty-five days written notice to plaintiff.
Visitation shall be on Wednesday evenings from approximately 6 p.m. to 8 p.m. and Friday evening at 6 p.m. through Saturday at 6 p.m.
Each of the parties shall keep the other informed of the whereabouts their children, including their address and telephone number, while the children are with the plaintiff or defendant, and agree that if either has knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of the children, plaintiff or defendant, as the case may be, shall promptly notify the other. Each of the parties shall furnish to the other copies of any reports from third persons concerning the health, education or welfare of the children.
The parties shall exert every reasonable effort to maintain free access and unhampered contact between the children and each of the parties, and to foster a feeling of affection between the children and the parties. Neither party shall do anything which may estrange them from the other party nor injure the opinion of the children as to their mother or father, nor act in such a way as to hamper the free and natural development of their love and respect for the other party.
3. Medical Insurance. Defendant shall maintain the present medical insurance coverage or the equivalent thereof on behalf of the minor children. The parties shall equally share the cost of the unreimbursed medical, dental, psychological and orthodontia expenses of the children. Plaintiff agrees to give defendant notice of any non-emergency and non-routine medical, dental, CT Page 9197 psychological or orthodontia expenses being incurred by the minor children. Defendant shall have two weeks from the date of said notice to secure a second opinion should he so desire. He shall be responsible for the cost of any second opinion.
Plaintiff shall be entitled to continue her own coverage under the same insurance policy but shall be responsible for the cost of same.
4. Child Support. Defendant shall pay to the plaintiff, as child support, the sum of $225 per week payable each week in advance. Child support shall be payable for each child until such time as that child has graduated from high school but not past their nineteenth birthday.
5. Alimony. Defendant shall pay to the plaintiff, as alimony, the sum of $125 per week payable each week in advance. Alimony shall be payable until the death of either party, plaintiff's remarriage or five years from date, whichever first occurs.
6. Real Property. The parties are the joint owners of real property located at 62 Ball Pond Road East, New Fairfield, Connecticut. Defendant shall transfer any and all interest which he may have in and to said property to plaintiff, and plaintiff shall forthwith pay to defendant, for his interest in said property, the sum of $20,000. Plaintiff shall waive any claim to moneys she expended to pay off the home equity loan, to fund defendant's IRA, for payment of joint liabilities, for payment of unreimbursed medical expenses, and the $2000 loaned to defendant. From and after the date of transfer, plaintiff shall be responsible for all encumbrances concerning said property and shall hold defendant harmless therefrom.
7. Assets.
A. Defendant shall be entitled to keep all retirement accounts in his name free of any claim by plaintiff.
B. Plaintiff shall be entitled to keep all retirement accounts in her name free of any of any claim by defendant.
C. Plaintiff shall be entitled to keep all of her inheritance free of any claim from defendant, as well as inherited Maine property. CT Page 9198
D. Defendant shall retain his remainder interest in Florida property.
E. Plaintiff shall assign any and all interest which she may have in and to Candlewood Electric Construction, Inc. to defendant, and he shall hold her harmless from any claim that may arise out of her prior ownership of said corporation.
8. Life Insurance. Defendant shall continue to maintain all life insurance coverage which he currently has on his life. He shall name plaintiff and the minor children as the equal beneficiaries of said insurance for as long as he is obligated to pay alimony. When his obligation to pay alimony ceases, he shall continue to name the minor children as the beneficiaries of said life insurance until such time as the youngest child attains the age of eighteen years of age. Defendant shall provide annual verification of said insurance to plaintiff.
9. Attorney Fees. Each party shall be responsible for their respective attorney fees and costs.
Owens, J.