[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by this court on October 13, 1989. There is one minor child, age 16. The plaintiff was given sole custody. The child originally resided with the plaintiff, who has remarried. The current order of child support of $80.00 per week was CT Page 7038 entered by stipulation of the parties and approved by the court on May 8, 1990. As of December 2000 the minor child is residing with the defendant father.
ISSUES
The court has before it two post judgment motions by the defendant, to wit: a motion for post judgment modification of custody, visitation and support and a post judgment motion for contempt relating to the payment of un-reimbursed medical expenses for the minor children. The court heard the matter on April 23, 2001. At the time of the hearing, counsel for the defendant represented to the court that his client would not press the contempt motion dealing with the un-reimbursed medical expenses, and therefore the court has not considered same.
Accordingly, the remaining issues to be determined are:
1) Has there been a substantial change of circumstances since the date of the last order which would warrant a modification of child support, custody and visitation?
2) Under the present circumstances, what is the appropriate order of support?
DISCUSSION
General Statutes § 46b-84 enumerates a number of factors which the court must consider in determining the respective abilities of the parents to provide maintenance for a child and the amount thereof. These are "the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents. . . ." (Emphasis added.) General Statutes 46b-84 (d). What a parent "can afford to pay . . . is a material consideration in the court's determination as to what is a proper order." Casanova v. Casanova,166 Conn. 304-05 (1974); see also Fitzgerald v. Fitzgerald, 169 Conn. 147,151 (1975). "Trial courts are required to consider the statutory criteria in passing upon prayers for such award [as here] in domestic relations matters." Schmidt v. Schmidt, 180 Conn. 184, 189 (1980).
"It is well established that the trial court may under appropriate circumstances in a marital dissolution proceeding base financial awards on the earning capacity of the parties rather than on actual earned income." Lucy v. Lucy, 183 Conn. 230, 234 (1981). Here, the court is presented with an appropriate case in which to issue financial orders on this basis. "There was no evidence that the plaintiff had any health problems. . . . Earning capacity, in this context, is not an amount which CT Page 7039 a person can theoretically earn, nor is it confined to actual income, but rather it is an amount which a person can realistically be expected to earn considering such things as their vocational skills, employability, age and health." Id.
FINDINGS
The court, after hearing the testimony of both parties, and reviewing the financial affidavits, exhibits and considering the factors enumerated in General Sections §§ 46b-84, 46b-86 (a), and 46b-215a et. seq., including the Child Support and Arrearage Guidelines Regulations, Regs., Conn. State Agencies § 46b-215a, finds as follows:
1. That there has been a substantial change in circumstances in that the minor child is currently residing with the defendant;
2. Based upon the evidence presented to the court, including the testimony of the plaintiff, that the plaintiff presently earns approximately $139.00 per week net. However, the court is of the opinion that, while the plaintiff works hard at what she does, she has substantially greater earning capacity, and that she has failed to adequately pursue more financially rewarding endeavors.
3. The court therefore finds that the plaintiff has an earning capacity of at least $214.00 per week net.
4. That based upon the respective financial affidavits of the parties and the earning capacity of the plaintiff, the presumptive level of child support would be $46.00 per week and that the plaintiff's portion of the unreimbursed medical expenses is 22%.
5. That it is in the best interest of the minor children that the primary residence be with the defendant subject to reasonable, flexible and liberal parenting time with the plaintiff.
6. That it is in the best interest of the child to modify custody of the minor child to shared joint legal custody.
ORDERS
IT IS HEREBY ORDERED THAT:
1. The defendant's motion to modify the child support is granted. Effective May 21, 2001, and weekly thereafter, the plaintiff shall pay to the defendant as and for child support, the sum of $46.00. CT Page 7040
2. The plaintiff's share of the unreimbursed medical expenses based on the level of support set out above is 22%.
3. The defendant's motion to modify custody is granted. The parties shall have shared joint legal custody, primary residence with the defendant father.
4. The defendant's motion to modify visitation is hereby granted. The plaintiff shall have reasonable, flexible and liberal parenting time.
5. The defendant shall be entitled to claim the minor child as an exemption for income tax purposes.
6. The motion to modify the life insurance provision of the judgment is denied.
7. Both parties are ordered to cooperate with one another in the implementation of these orders.
8. The parents shall consult with one another in those substantial questions relating to the health, education and welfare of the minor child. The parties shall exert their best efforts to work cooperatively in developing future plans consistent with the best interests of the child and in amicably resolving such disputes as may arise.
9. Day-to-day decisions of a routine nature, including but not limited to bedtime, homework, emergency health care, and day-to-day school, social and athletic activities customary for a child of his respective age and maturity shall be made by the parent with whom the child is actually staying. The parents shall endeavor to cooperate and establish a mutually agreeable policy regarding such day-to-day decisions, but the primary responsibility for routine decisions shall rest with the parent with whom the child is then staying.
10. Each party shall exert every reasonable effort to maintain free access and unhampered contact between the child and the other parent. Neither party shall do anything that may unreasonably estrange the child from the other party, or act in such a way to hamper the free, natural and reasonable development of the child's love and respect for the other parent.
11. Each parent shall be entitled to all information from any physicians, dentists, consultant or specialist attending to the child and to be furnished with copies of all reports produced by such individuals. Each parent shall be entitled to all information from any teacher or school giving instruction to such child and to be furnished with copies CT Page 7041 of all reports by such teachers or school. The parties shall furnish each other with any authorizations necessary so that each may have full access to such information.
12. All other orders shall remain in effect.
Cremins, J.