[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR INJUNCTIVE RELIEF AND DEFENDANT'S MOTION TO HOME SCHOOL THE CHILD
The court has for appropriate orders the plaintiff's Motion for Permanent Injunction dated April 12, 2001 and filed April 16, 2001. The court also has the defendant's Motion to Home School the Minor Child, Sydnie Moskova, who was born May 29, 1992. That motion, likewise, is dated April 12, 2001, and filed April 16, 2001. The court (Sheedy, J.) granted a temporary injunction on September 21, 2000, enjoining the defendant from home schooling the child for the year 2000-2001 and ordering the defendant to return the child to the Stratford Public School system for her primary education.
On September 5, 1996, Sydnie's parents reached an agreement for her joint custody with physical custody with the mother. The stipulation provides for liberal visitation specifically set forth for the father to include every Wednesday from 5:30 p. m. to 8:00 p. m. and every other weekend from 5:30 Friday to 7:30 Sunday and Monday from 5:30 p. m. to 8:00 p. m. on the off weekends. The father exercises all of this visitation. The minor child was enrolled in the Stratford Public School system for kindergarten, first and second grade. In the summer of 2000, the defendant mother advised the father of her intention to home school the child. The parties met to discuss the matter. After research and inquiry the father advised that he was not in favor of home schooling. The mother started home schooling Sydnie in spite of father's lack of consent and did so until the temporary injunction was issued by the court. On September 5, 2000, the father filed an application for temporary injunction and an order to show cause. This application was heard by the court on September 21, 2000, and an order entered on the application as previously noted.
As previously noted, the parties agreed upon and the court ordered joint legal custody of the minor child with the child to reside principally with her mother. Section 52b-56a of the General Statutes defines joint custody as an order awarding legal custody of the minor child to both parents providing for joint discussion — making by the parents. CT Page 13468-iq
The court must decide this matter not as the father wants and not as the mother wants, but, indeed, on what is in the best interests of the child. The court, therefore, must make that determination. The parties have presented expert testimony for the court's consideration in addition to the report from the Family Division counselor, Karen Kutno.
The background of each parent has considerable bearing in reaching a determination in this case. The plaintiff is twenty-eight years of age and has a high school degree. He has married and he describes a "wonderful family relationship between his wife and him and Sydnie's mother and her husband before her attempt to home school Syndie. He testified that all the parties and their spouses met about home schooling but that he did not consider home schooling in Syndie's best interest and so indicated at the meeting. His present job and the one he has had since high school graduation is a systems technical support engineer. He develops training documents and assists customers. He has been very interested in Syndie's education and attended Syndie's school to meet with the school administrators to oversee Syndie's progress. He reported that Syndie was involved with him in Indian Princesses and involved with her mother in Brownies.
Syndie's father testified that he made an inquiry about home schooling, that he had talked to professionals and read about home schooling at the library, that he had looked into the Stratford school system and examined its web site thus learning about its teachers, the degrees held, and that just under 80 percent of the teachers have masters degrees. He testified that the Stratford school system has a very fine reputation and encourages parent participation. He testified that he himself read to Syndie's class for an hour to an hour and a half each week.
The defendant is 28 years old and has a high school degree. She has married and is a homemaker. After graduation she worked for two years for a graphic design company doing layout work for newspapers. She has not been employed outside the home since that date. Ms. Dennison has decided upon the Calvert School curriculum as a teaching guide. The experts agree that this is more than adequate to meet Syndie's educational requirements. (See defendant's exhibits 23 and 24.)
Mr. Carrano and Ms. Dennison never married. Syndie was born to two high schoolers who never lived together. Each, however, took an active interest in Syndie's development. Ms. Dennison was raised as a Jehovah's Witness. She and her husband both practice that religion today as does CT Page 13468-ir Syndie. Syndie attends church service for one hour and a half each Tuesday and Thursday evenings and Sundays for two hours. She and her mother do field service on the off Saturday afternoon.
In general for a plaintiff to prevail in an injunction action the plaintiff must show (1) that there is no adequate remedy at law and (2) the plaintiff would be subject to imminent and irreparable damage. SeePet v. Department of Health Services, 207 Conn. 346, 370 (1988). An injunction lies within the sound discretion of the court. In exercising this discretion the trial court must balance the competing interests of the parties. Further, the relief granted must be compatible with the equities of the case so as not to be greatly disproportionate to the injuries sustained by the complaining party. Dukes v. Durante,192 Conn. 207, 225 (1984)
The court may properly issue orders in the nature of restraining orders in family or dissolution matters. See Connecticut General Statutes §§46b-15 and 46b-38. Such orders are discretionary, and should be entered only when the best interests of the complaining party closely dictate such remedy so as to protect and preserve he complainant's rights. SeeRoberts v. Roberts, 24 Conn. Sup. 146 (1962); Yontef v. Yontef,185 Conn. 275, 286-289 (1981); England v. England, 138 Conn. 410, 418
(1951).
Issuance of a temporary injunction does not control the result of the issuance of a permanent injunction. It is a preliminary order, granted at the outset or during pendency of the action. Bridgeport-HeraldCorp. v. Lower Fairfield County News Ass'n., Inc., 23 Conn. Sup. 111,116-17 (1960). In this case the prerequisites for a permanent injunction have been satisfied.
As stated at the very beginning of this memorandum, it is the best interest of the child which must govern whether an injunction should issue in this case. The court has considered all of the evidence including the professional opinions of the experts and the report of the Family Relations Officer. Some of the evidence needs to be set forth.
Dr. Kutno, the Family Relations counselor, has opined that both home schooling and the traditional school environment are acceptable alternatives. She bases her recommendation completely upon the fact that the original judgment of the court was for joint custody. She believes that a change to learning at her mother's home rather than a normal school setting would exclude Syndie's father from her education. CT Page 13468-is
The next expert offered by the plaintiff was Dr. Richard Spurling. He has his doctorate in Educational Administration and has served in the educational system as teacher, principal, and superintendent for thirty-nine (39) years. Dr. Spurling testified that either system was an acceptable alternative for Syndie, but that it was in Syndie's best interest to be in the public school system. He did not meet Syndie nor her mother but did review the reports of Ms. Stevenson and Dr. Welch.
Ms. Stevenson testified on behalf of the defendant. Ms. Stevenson is an attorney and has become a spokesperson for the home schooling of children. She testified that § 10-184 of the General Statutes distinguished between compulsive education and compulsive attendance. Section 10-184 requires compulsory education but not compulsory attendance. It is this section of the statutes that permits home schooling. Parents must instruct at home those subjects listed in §10-184 of the General Statutes.
Ms. Stevenson sets forth in her report (defendant's exhibit 3) Ms. Dennison's reasoning for home schooling of Syndie. Chief among her reasons is that she believes Syndie could receive a better education at home. She advised Ms. Stevenson that Syndie had had problems at school paying attention, talking during class with her classmates and trouble finishing her school work on time. With regard to the plaintiff's concern that Syndie would have less socialization with other children, Syndie, herself, pointed out that socialization in school was not of very long duration and not of real significance. She stated she had the opportunity to visit with her close friends and neighborhood friends after school. She also plays with her ten year old cousin and friends from her church group. Ms. Stevenson testified that she believed it was in Syndie's best interest to be home schooled by her mother.
The defendant next called Dr. Ralph S. Welsch. Dr. Welsch is a psychologist with offices in Bridgeport and Danbury. Dr. Welsch tested Syndie and found her intellectually in the superior range of general intelligence. Her performance IQ was in the very superior range. He found Syndie to be a very sensitive youngster, pleasant and anxious to please. The following comments from Dr. Welsh's report (defendant's exhibit 12) I find answered much of the plaintiff's concern.
 "Since there is no research to indicate that home schooling, if handled properly, has an significant affect on a child's socialization ability (most CT Page 13468-it socialization is learned in the home and neighborhood not in school). This shouldn't have to be an issue as long as the patient participates in after school type activities, and has friends coming in and out of the home in addition to her church contacts, she should be fine socially.
 The second issue is the quality of education. Again the research indicates that the type of schooling and even class size is not as important as the type and quality of experiences the child is exposed to. Home schooling can be a rich and diversified experience, and one that is uniquely tailor made for the child. However, it can be very demanding on the parent and the parent who embarks down this road needs to be disciplined and dedicated. The real advantage to home schooling is the ability to have the student and teacher tailoring the curriculum as long as the basics are well represented.
 Finally, Sydnie's responses during this evaluation indicate, it is imperative that the parents come together on this issue. If home schooling is attempted, and it goes well, both parents should be able to see both positive and/or negative changes in their daughter. However, since children go through "tough' periods, emotionally both in home schooling and in the public schools, temporary setbacks should not be a reason to pull a child out of this type of program if temporary glitches occur. Again this depends on the cooperation of both parents."
The father has expressed his concern that he can participate less in Syndie's education if she is home schooled. He will be able to help Syndie with her home work, discuss what she is learning at home in school, and encourage her reading. Based upon the evidence, all of the experts agree that either schooling is a viable alternative for Syndie.
As stated at the very beginning, the court has to decide this issue not on what is in the father's best interest or not on what is in the mother's best interest. After considering all of the testimony and all of the exhibits introduced by each of the parties, the court finds that it is in Syndie's best interest to be home schooled for the fourth grade. The court finds further that there is the requisite jurisdiction, both CT Page 13468-iu parties being residents of Stratford that the allegations of the defendant's motion for home schooling have been proved and are true.
The court finds further that home schooling would be better for Syndie, that Syndie will have little less socialization in home schooling, considering the shortness of her time for socialization at school and considering her ability to socialize with her neighbors and family friends, and her involvement in Indian Princess and Brownies, that her father may still participate in Syndie's education by helping her with her homework, by reading with her, inquiring about what she is learning and engaging in educational activities with her on some visitation weekends and finally that Syndie will have more time for other activities considering home schooling is most often accomplished between 8:30 or 9:00 a.m. to 12:00 noon.
While the court has concluded it is in Syndie's best interest to home school at this time, this determination ought to be reconsidered at the end of her fourth grade year. The court orders that she is to be tested by Dr. Welsh again and his report obtained on her progress (the parties shall share the cost). If Syndie is progressing satisfactorily, she shall continue with her home schooling to be tested again by Dr. Welsh at the end of her fifth grade year. Thereafter, provided Dr. Welsh finds she is progressing satisfactorily, she may continue to be home schooled so long as she chooses and so long as her mother is her home school teacher.
The plaintiff may call this question to the court's attention at the end of Syndie's fourth grade equivalency or at the end of Syndie's fifth grade equivalency to review the issue of home schooling versus public schooling. The motion for home schooling is granted. The temporary restraining order entered by Judge Sheedy on September 21, 2000, is vacated.
The decision in this case is not unlike a decision in a contested custody case. We have here two parents having joint custody who cannot agree upon the child's schooling. The court in a case such as this should consider entering orders sua sponte to ensure an orderly transition of Syndie's schooling. See Yontef v. Yontef, 185 Conn. 275, 291, 291
(1981). It is in Syndie's best interest that Syndie commence home schooling as soon as the defendant has the requisite books available. The court orders that Syndie may commence home schooling at such time that the defendant thinks best in Syndie's best interest. Factors that the defendant should consider are: the proper termination of schooling that would disrupt Syndie the least, the establishment of a curriculum for Syndie, and other interests of Syndie that may dictate a delay in the CT Page 13468-iv initiation of this decision.
In view of the court's order for an immediate execution of this order, any appeal of this court's decision shall not be stayed in the event of an appeal. See Yontef v. Yontef, supra.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE