[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: (#101.01) PLAINTIFF'S MOTION FOR COUNSEL FEES — PENDENTE LITE
The plaintiff-wife in the above captioned action for dissolution of marriage has filed a motion (#101.01) for counsel fees pendente lite.
The parties appeared before the court and were heard regarding the relief sought in that motion.
The plaintiff offered considerable evidence and testimony regarding the extensive assets and income of the defendant-husband. Based upon that evidence, and the financial affidavits of the parties, it is unrefuted that the defendant has a net weekly income which is considerably larger than that of the plaintiff. The plaintiff's financial affidavit states that her gross weekly income is $938.96, and that her net weekly income is $771.11. The defendant's financial affidavit states that his gross monthly income is $8,480 and that his net monthly income is $5,976.
The plaintiff offered evidence and testimony to attempt to establish the defendant's actual income and net worth — principally his interest in several real estate developments — is far greater than what he would have the court believe.
Notwithstanding the obvious disparity in their reflective incomes, the court finds that the plaintiff is not likely to be deprived of her rights if her counsel fees were not contributed to by the defendant on a pendente lite basis. CT Page 8934
The basis for an award of counsel fees and matters to be considered in making such an award are governed by § 46b-82 of the General Statutes.
 The nature of the criteria specified, which include "the causes for the. dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties," indicates that a definitive award of counsel fees should not ordinarily be made until after a trial where evidence relating to those considerations has been presented.
Arrigoni v. Arrigoni, 184 Conn. 513, 519 (1981).
The deferral of litigation allowances until after trial has been the approved practice in this state. England v. England, 138 Conn. 410, 417
(1951).
The plaintiff may ultimately prevail in her request that the defendant, for a number of reasons, be required to contributed to her costs of litigation. However, the court finds that such an award, if any, should be deferred until after trial.
The plaintiff's motion for counsel fees pendente lite is hereby denied.
BY THE COURT
Joseph W. Doherty, Judge